Wesley R. Thompson, Sapula, Okl., for respondent-appellant.

Hubert H. Bryant, U.S. Atty., Robert P. Santee, Asst. U.S. Atty., Tulsa, Okl., for petitioners-appellees.

Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.

**UNITED STATES of America, and Conrad Carson, Revenue Officer, Internal Revenue Service, Petitioners-Appellees,**

v.

**Glenn O. YOUNG, Respondent-Appellant.**

**No. 79-2101.**

United States Court of Appeals, Tenth Circuit.

Submitted on the Briefs Pursuant to Tenth Circuit Rule 9 Feb. 27, 1980.

Decided March 28, 1980.

**PER CURIAM.**

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). This cause is therefore ordered submitted without oral argument.

In mid-1978, Carson, a revenue officer of the Internal Revenue Service (IRS), was conducting an investigation of appellant Young's income tax liability for the year 1976. During the course of that investigation, Carson delivered an IRS summons to Young at the latter's office.

The summons sought production of financial records of Young's business pursuits. When Young refused to honor the summons, the Government filed a petition for judicial enforcement pursuant to 26 U.S.C. §§ 7402 and 7604. Young responded with an "answer and cross petition" seeking dismissal of the Government's enforcement petition and, in addition, asserting a number of counterclaims.

At the conclusion of an evidentiary hearing, Judge Barrow entered an order which had the effect of dismissing all of Young's claims and staying the petition to enforce the summons. That order, entered November 7, 1978, also authorized Young to "insti-

tute a separate and independent action within 30 days" on his counterclaims against petitioners.

On December 5, 1978, Young advised the district court, by motion, that he intended to commence a separate tort action against petitioners as contemplated by the November 7 order. The motion requested an enlargement of the thirty-day time period for the purpose of exhausting administrative remedies and a continuation of the stay of the enforcement proceedings. Apparently Young recognized at that time that Judge Barrow had not made a *final* determination with respect to the Government's petition for enforcement. This unopposed motion for enlargement of time and continuation of the stay was pending when Judge Barrow died.

The case was transferred to Judge Daugherty who, in specific response to Young's December 5 motion, amended Judge Barrow's November 7 order. Judge Daugherty's amending order simply eliminated the language in the November 7 order purporting to limit the time in which Young could commence independent litigation on his claims. Thus Judge Daugherty's order indefinitely enlarged the time for filing an independent action and afforded the relief sought by the December 5 motion.

Several days later, Judge Daugherty concluded that no purpose would be served in further staying the enforcement portion of the proceedings. In an order entered April 20, 1979, the action was dismissed as to the *only remaining* issue (petition for enforcement), but without prejudice to any further proceeding petitioners may wish to reinitiate for enforcement of the summons.

Young promptly requested the entry of a judgment which would have the effect of dismissing the enforcement petition on the merits. That request was denied. A subsequent motion for new trial was also denied and this appeal followed.

On appeal, Young complains that Judge Daugherty's dismissal order was improper. He insists that Judge Daugherty had no authority to "vacate" Judge Barrow's order without notice or hearing. The contention is meritless and we affirm.

In his November 7 order, Judge Barrow expressed some concern as to the technical requirements for the judicial enforcement of the IRS summons. *See United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Presumably because Judge Barrow was not satisfied with the evidentiary posture of the case, he declined to enforce the summons. The November 7 order reads in part, "and at this time, [the court] will stay this action . . . pending further order of this court." Plainly, that portion of the November 7 order reserved the final decision on the Government's enforcement petition. Other portions of the order dismissed all of Young's counterclaims. When the case was transferred to Judge Daugherty pursuant to Fed.R.Civ.P. 63, the enforcement petition was the only unresolved part of the case. Judge Barrow's order did not terminate the action and was therefore subject to revision by either Judge Barrow and later by Judge Daugherty at any time prior to final disposition. Fed.R.Civ.P. 54(b); *Golden Villa Spa, Inc. v. Health Industries, Inc.*, 549 F.2d 1363 (10th Cir. 1977). Judge Daugherty, as successor to Judge Barrow in this case, acquired full authority to bring this case to the conclusion, *sua sponte* or otherwise.

Contrary to Young's contention, Judge Daugherty's order did not vacate or overrule any significant part of Judge Barrow's order. The November 7 order dismissed Young's counterclaims and stayed the proceedings in the enforcement actions. Judge Daugherty's *final* order simply dissolved the stay and terminated the action without reaching the merits. We fail to see how this resolution worked to the prejudice of any party.

Evidently Judge Daugherty believed that the enforcement proceedings should have a fresh beginning. In view of the awkward factual and procedural background of this case, we think Judge Daugherty's exercise of discretion was entirely correct.

AFFIRMED. The mandate shall issue forthwith.