Leslie Paul BODE, Plaintiff-Appellee,

v.

CLARK EQUIPMENT COMPANY, a corporation; and the United States of America, Defendants,

Employers National Insurance Corporation, Subrogee-Appellant.

No. 85–2228.

United States Court of Appeals, Tenth Circuit.

Dec. 24, 1986.

**880**

Stephen M. Pike of Edmonds, Cole, Hargrave & Givens, Oklahoma City, Okl., for subrogee-appellant.

Before LOGAN and MOORE, Circuit Judges, and ROGERS, District Judge.[*]

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal from an apportionment order entered by the district court was considered on the briefs and record on appeal. Appellant's motion to file a supplemental memorandum brief is granted.

Plaintiff suffered an on-the-job injury for which he collected benefits from appellant, his employer's workers' compensation carrier. Plaintiff also sought damages for this injury by filing a negligence action against Clark Equipment Co. (Clark) and the United States. Before trial, plaintiff reached a settlement with Clark. The district court entered an order apportioning that settlement between plaintiff and appellant pursuant to Okla.Stat. tit. 85, § 44(a). That apportionment order is the subject of this appeal.

We conclude that the apportionment order was a nonappealable, interlocutory order. It did not resolve all issues as to all parties, nor was it certified pursuant to Fed.R.Civ.P. 54(b). Therefore, it was not final. *See Golden Villa Spa, Inc. v. Health Industries, Inc.*, 549 F.2d 1363 (10th Cir.1977).

Appellant argues that the apportionment order was a collateral order appealable under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The *Cohen* doctrine would have permitted an immediate appeal only if the order had conclusively resolved an important question independent of the merits of the main action and if the order would have been effectively unreviewable on appeal from the final judgment. *See generally Mitchell v. Forsyth*, 472 U.S. 2806, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

The apportionment order did not satisfy these requirements. The main action was plaintiff's action against Clark and the United States. The subject of the apportionment order was the proper disposition of the money plaintiff had received in settlement of his claim against Clark. Therefore, the apportionment order was not independent of the merits of the main action. In addition, the apportionment order is reviewable on timely appeal from entry of final judgment.

That appellant is a nonparty does not affect our consideration whether the apportionment order is appealable under

[*] The Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation.

*Cohen.* Whether a nonparty may appeal, either from an interlocutory order or from a final judgment, is a separate question. Upon timely appeal from a final judgment, or from an interlocutory or collateral order when such an appeal is permissible, a nonparty must independently satisfy our criteria for permitting a nonparty appeal. *See Dietrich Corp. v. King Resources Co.,* 596 F.2d 422, 424 (10th Cir.1979) (granting right to appeal where the nonparty "is an aggrieved party and his property interest can be protected only by recognizing this as one of those extraordinary cases where a nonparty may be allowed to appeal"); *cf. Mesirow v. Pepperidge Farm,* 703 F.2d 339, 345 (9th Cir.) ("order imposing a sanction upon counsel, a nonparty, is final and appealable by the person sanctioned, when imposed"), *cert. denied,* 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983).

In the present case apparently the court entered a final judgment against the United States, the remaining party to this action, on May 30, 1986. If so, then appellant has lost its opportunity to appeal by its failure to file a timely notice of appeal from that judgment. We also note, however, that appellant was on notice of the potential problem with its appeal from the court's apportionment order of July, 1985. By letter on January 30, 1986, the clerk of this court requested that the parties address the question of finality of the order for which appellant sought review; appellant submitted a memorandum brief on this issue February 13, 1986. Moreover, appellant requested permission to file a supplemental memorandum brief regarding the entry of final judgment and actually provided the clerk of this court with such a memorandum brief on May 30, 1986, the date the judgment against the remaining party was entered.

In its supplemental memorandum brief, appellant argues that the question of appellate jurisdiction has been mooted by developments occurring after its notice of appeal was filed. This argument shows a misunderstanding of the jurisdictional question. "The finality requirement of 28 U.S.C. § 1291 must have been satisfied as of the date a notice of appeal is filed." *Century Laminating, Ltd. v. Montgomery,* 595 F.2d 563, 567 (10th Cir.), *cert. dismissed,* 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979).

For the reasons stated above, the appeal is DISMISSED for lack of appellate jurisdiction.

The mandate shall issue forthwith.