**GOLDEN VILLA SPA, INC., a Utah Corporation, Plaintiff-Appellant,**

v.

**HEALTH INDUSTRIES, INC., et al., Defendants-Appellees.**

No. 76–1292.

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 10, 1976.

Decided Feb. 17, 1977.

Lowell V. Summerhays and David M. Swope of Summerhays & Swope, Salt Lake City, Utah, for appellant.

James P. Cowley of Watkiss & Campbell, Salt Lake City, Utah, for appellee Spa Fitness Center.

Before LEWIS, Chief Judge, and BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

Plaintiff Golden Villa Spa, Inc., (Golden Villa) appeals a summary judgment, no

cause of action, entered by the district court for the Central District of Utah in favor of one of the named defendants, Spa Fitness Center (Fitness Center). Golden Villa's claims against the other named defendants remain unadjudicated in the trial court.

■ On appeal the parties have addressed themselves solely to the merits of the case and the appealability of the trial court's order of summary judgment has not been raised. Nevertheless, the jurisdiction of a court of appeals is limited by statute to review of "final decisions" of the district courts, 28 U.S.C. § 1291. Where the issue of appellate jurisdiction is not raised by the parties the court may consider the issue of its own motion. *Baca Land & Cattle Co. v. New Mexico Timber, Inc.,* 10 Cir., 384 F.2d 701, 702.

■ In the present case the "finality" of the district court's decision is controlled by rule 54(b), Fed.R.Civ.P., which provides that in cases involving multiple claims or multiple parties "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*" (emphasis added). No such determination or certification was made by the district court in connection with its entry of summary judgment in favor of Fitness Center and not the other named defendants. In such cases the rule expressly provides:

> In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The effect of this rule is that the summary judgment entered by the district court remains subject to revision.

Appeal dismissed.