647 F.2d 118
 A. O. SMITH CORPORATION, a New York corporation, Plaintiff-Appellant,
v.
SIMS CONSOLIDATED LIMITED, also doing business as Sims
Products Proprietary, Ltd., an Australian
corporation; and Irrigation and Power
Equipment, Inc., a Colorado
corporation,
Defendants-
Appellees.
 No. 80-2082.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Dec. 24, 1980.
Decided April 16, 1981.
 
 Arthur R. Karstaedt III, Denver, Colo., James N. Johnson, Milwaukee, Wis., and Irvin M. Kent, Denver, Colo., of counsel, for plaintiff-appellant.
 W. David Pantle of Sherman & Howard, Denver, Colo., for defendant-appellee Sims Consolidated Limited.
 William C. McClearn and Hugh Q. Gottschalk of Holland & Hart, Denver, Colo., for defendant-appellee Irrigation and Power Equipment, Inc.
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant, A. O. Smith Corporation (Smith), instituted an action under Fed.R.Civ.P. 60(b) to set aside the district court's prior judgment in Civil Action C-3632. Appellee Sims Consolidated Limited (Sims) moved for summary judgment. Appellee Irrigation and Power Equipment, Inc. (IPE) answered and counterclaimed, alleging malicious prosecution and abuse of process. Smith then moved for summary judgment on its own complaint and on the counterclaim filed by IPE. On September 10, 1980, the district court entered an order granting both Sims' motion for summary judgment as to Smith's Rule 60(b) motion and Smith's motion for summary judgment as to IPE's abuse of process counterclaim, but denying Smith's motion for summary judgment as to IPE's malicious prosecution counterclaim. As required by the district court, IPE timely filed a notice of intent to proceed on the malicious prosecution count. On October 10, 1980, Smith filed a notice of appeal as to that portion of the order dismissing his complaint.
 
 
 3
 On November 7, 1980, the Tenth Circuit advised the parties that it was considering whether to dismiss the appeal for lack of appellate jurisdiction and requested that the parties file briefs on this issue. Smith then requested that the appeal be held in abeyance pending district court consideration of Smith's request for Rule 54(b) certification. On February 5, 1981, Smith filed a "Supplemental Statement Re: Jurisdiction" and attached an order of the district court dated January 27, 1981, certifying its orders of September 10, 1980, for appeal pursuant to Rule 54(b).
 
 
 4
 This appeal, like many others recently filed in this court, demonstrates a misunderstanding of the jurisdictional requirements for an appeal to this court. Therefore, we take this opportunity to clarify this aspect of the appellate process.
 
 
 5
 Subject to exceptions not pertinent here, the appellate jurisdiction of this court is limited to review of final judgments of the district courts. See United States v. Nixon, 418 U.S. 683, 690-92, 94 S.Ct. 3090, 3098, 41 L.Ed.2d 1039 (1974); 28 U.S.C. § 1291. In this case, whether the district court's order constitutes a final judgment must be determined by reference to Rule 54(b), which provides:
 
 
 6
 When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 7
 (Emphasis added.) This case involves multiple claims, and the order from which Smith appeals resolved fewer than all of these claims. The district court, however, made no express Rule 54(b) certification in its September 10, 1980 order. Therefore, under Rule 54(b), that order was not yet final and thus not immediately appealable.
 
 
 8
 This being so, the next question is whether the Rule 54(b) certification that Smith obtained from the district court on January 27, 1981, cured Smith's otherwise defective appeal, or whether instead that certification merged with the September 10, 1980 order to become a final judgment, appealable only upon a timely filing of a new notice of appeal within thirty days of the January 27, 1981 certification. Recent amendments to Fed.R.App.P. 4(a) have clarified some pre-existing ambiguities with respect to notices of appeal in civil cases. Generally, a liberal approach is followed, and a notice of appeal filed after announcement of a decision or order but before entry of the judgment or order is treated as timely filed. Id. (a)(2).[1] An exception is provided if there is a timely motion filed in the district court:
 
 
 9
 (i) for judgment under Rule 50(b) (judgment n. o. v.), (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.
 
 
 10
 Id. (a)(4).[2] In those cases a notice of appeal filed before disposition has no effect and a new notice must be filed within the prescribed time measured from the date of entry of the order disposing of the motion. The reviser's notes indicate a desire for a charitable approach to early filing except in Rule 4(a)(4) cases, in which "it would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from." Notes of the Advisory Comm. on Appellate Rules, 28 U.S.C.A. (1980).
 
 
 11
 The situation before this court is not expressly covered by Fed.R.App.P. 4(a). No notice of appeal was filed "after the announcement of a decision or order but before the entry of the judgment or order," Id. (a)(2) (emphasis added); nor is this a motion enumerated in Fed.R.App.P. 4(a)(4). The Seventh Circuit has recently held that a Fed.R.Civ.P. 54(b) certification secured after the notice of appeal acts nunc pro tunc to the date the notice of appeal was filed. Local P-171 Amalgamated Meat Cutters and Butcher Workmen v. Thompson Farms Co., 642 F.2d 1065 (7th Cir. 1981). We respectfully disagree.
 
 
 12
 The Rule 54(b) problem arises, by definition, in cases in which the district court has continuing jurisdiction because not all issues have been resolved between the parties to the suit. Thus, if the appeal is dismissed for lack of a Rule 54(b) certification, the district court may enter such a certification giving rise to a new time period for filing an appeal; alternatively, the alleged error can be reviewed on appeal after final judgment. This is not a situation in which a procedural technicality forever forecloses the appellant from having an appellate court consider the merits of the case. Further, if we permit a belated Rule 54(b) order to cure the jurisdictional defect, as a practical matter when we are faced with an obvious nonfinal judgment, instead of dismissing the appeal we are placed in the position of having to suggest that the appellant go back to the district court to obtain a Rule 54(b) certification. That would lead to a large number of cases being held in a "pending" category. Contrary to the views of our brethren of the Seventh Circuit, such a result, we believe, leads to more confusion and greater delay, a result at odds with the principle underlying Rule 54(b) certification.
 
 
 13
 In this case, we entered an order on February 23, 1981, dismissing Smith's attempted appeal of October 10, 1980, with notice to the parties that this opinion would follow. The purpose of this procedure was to give appellant an opportunity to timely cure the defect. We note that on February 25, 1981, Smith filed a new notice of appeal. Since this notice of appeal was filed within thirty days of the January 27, 1981 certification, as required by Fed.R.App.P. 4(a), it apparently was timely.
 
 
 14
 We affirm our order of February 23, 1981, dismissing the October 10, 1980 notice of appeal from the September 10, 1980 judgment as premature.
 
 
 
 [1]
 Fed.R.App.P. 4(a)(2) reads as follows:
 Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof.
 
 
 [2]
 That subsection reads, in its entirety, as follows:
 (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.