Robert **LEWIS**, Plaintiff–Appellant,

v.

**B.F. GOODRICH COMPANY; Daniel Newsome; Roy Ailstock, Defendants–Appellees.**

**No. 87–1110.**

United States Court of Appeals, Tenth Circuit.

July 5, 1988.

---

Jim Brent Smalling, Chickasha, Okl., for plaintiff-appellant.

C. William Threlkeld of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for defendants-appellees.

Before HOLLOWAY, McKAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK and BRORBY, Circuit Judges.

LOGAN, Circuit Judge.

In this diversity action plaintiff Robert Lewis sued defendants B.F. Goodrich Com-pany, Daniel Newsome, and Roy Ailstock for slander in federal district court. The district court granted summary judgment in favor of the defendants by its order of December 18, 1986, and plaintiff filed a notice of appeal on January 16, 1987, challenging this judgment. The issue before this en banc court is whether we have jurisdiction over the appeal. In deciding this issue, we reassess our holding in *A.O. Smith Corp. v. Sims Consolidated, Ltd.*, 647 F.2d 118, 120–21 (10th Cir.1981).[1]

The grant of summary judgment here was not an appealable final order because a counterclaim by B.F. Goodrich against Lewis remained unadjudicated when the district court entered summary judgment. Responding to a motion which B.F. Goodrich had filed after the grant of summary judgment in the underlying cause, the district court entered an order in late December staying proceedings on the counterclaim. The order was labeled an "administrative closing order" and stated:

"The Defendant B.F. Goodrich having requested the Court to stay its Counterclaim in this cause of action, it is hereby ordered that the Clerk administratively terminate this action in his records, without prejudice to the rights of the Defendant B.F. Goodrich to reopen the proceedings for good cause shown for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation.

IF, within 60 days from the date herein [December 29, 1986], the Defendant B.F. Goodrich has not reopened the proceedings for the purpose of obtaining a final determination herein, this action shall be deemed dismissed with prejudice."

Administrative Closing Order, Case No. CIV–86–1227–BT (W.D.Okla. December 29, 1986). B.F. Goodrich did not move to reopen the proceedings on its counterclaim within the sixty-day time period; thus the

---

1. Noting that many if not all of the circuit courts which have considered the matter have disagreed with our result in *A.O. Smith*, this court sua sponte ordered en banc consideration of the jurisdictional issue to decide whether we should overrule *A.O. Smith*. After examining the briefs and the appellate record, the court determined unanimously that oral argument would not materially assist the determination and ordered the cause submitted without oral argument. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.2. The parties were afforded an opportunity for additional briefing before the en banc court.

closing order by its own terms matured into a dismissal of the counterclaim with prejudice on February 27, 1987, creating an appealable final judgment for the entire case.[2]

The fly in the ointment is that Lewis did not file a timely notice of appeal after the administrative closing order terminated the entire litigation. Then, after receiving notice that we were considering dismissing the appeal, Lewis and defendants applied to the district court for certification of the December 18 order as final under Fed.R. Civ.P. 54(b). The district court granted the request on May 13, 1987, but again no one filed a notice of appeal after that certification.

If we follow the reasoning of *A.O. Smith Corp.*, 647 F.2d at 120–21, and other cases we have decided similarly, *see, e.g., Lamp v. Andrus*, 657 F.2d 1167 (10th Cir.1981); *Golden Villa Spa, Inc. v. Health Industries, Inc.*, 549 F.2d 1363 (10th Cir.1977), Lewis' premature notice of appeal was not cured by the later final judgment. Further, even if the Rule 54(b) certification, acquired after the district court judgment became final, was effective to resurrect the right to appeal the December 18 order, the failure to file a new notice of appeal thereafter would be fatal under *A.O. Smith* to any claim that the certification saved the appeal.

*A.O. Smith* stated that this court would dismiss appeals from interlocutory orders when the district court had not given Rule 54(b) certification before the notice of appeal was filed, even if the district court granted such certification subsequently and before this court entered a dismissal order. This rule was designed to benefit the appellate court, which no longer would have to hold the case in administrative limbo while the appellant either returned to the district court to seek a Rule 54(b) certification or awaited the termination of the entire case.

In *A.O. Smith*, the premature appeal was filed while the case was ongoing in the district court. Thus, this court thought that the appellant could either await the end of the entire litigation in district court and then file a notice of appeal, or seek and obtain Rule 54(b) certification after which it could file a new notice of appeal. We thus formulated the rule in *A.O. Smith* in anticipation that the rule would seldom result in a loss of appellate review for a disappointed litigant: "This is not a situation in which a procedural technicality forever forecloses the appellant from having an appellate court consider the merits of the case." *Id.* at 121.

Apparently all of the other circuits that have considered this matter, however, have accepted jurisdiction in analogous circumstances, notwithstanding a premature filing of a notice of appeal. These circuits hold pre-Rule 54(b) appeals in abeyance while the parties obtain certification after the court's reminder of the omission, treating the 54(b) certification as relating nunc pro tunc to the date of the notice of appeal or treating the notice of appeal as ripening as of the date of the 54(b) certification. *See Tidler v. Eli Lilly & Co.*, 824 F.2d 84, 85–87 (D.C.Cir.1987) (per curiam); *Coalition for Equitable Minority Participation in Architectural Contracts in Tennessee (COMPACT) v. Metropolitan Government of Nashville and Davidson County*, 786

---

**2.** Although the district court's "administrative closing order" with respect to the counterclaim is somewhat peculiar, we construe it as not becoming a final judgment until the expiration of the sixty days given B.F. Goodrich to reopen its counterclaim.

In *Schuurman v. Motor Vessel "Betty K V"*, 798 F.2d 442 (11th Cir.1986), the court faced an analogous situation: the district court dismissed plaintiff's complaint but granted plaintiff twenty days from the date of the order to amend the complaint. The Eleventh Circuit established the following rule for this situation:

"If the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period. For appeal purposes, we hold that the order of dismissal in this situation becomes final upon the expiration of the time allowed for amendment. The time for appeal is measured from the date on which the district court order of dismissal becomes final." *Id.* at 445.

F.2d 227, 228 & n. 1 (6th Cir.1986); *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin,* 760 F.2d 177, 180–81 (7th Cir.1985); *Metallurgical Industries, Inc. v. Fourtek, Inc.,* 771 F.2d 915, 916 (5th Cir.1985) (per curiam); *Freeman v. Hittle,* 747 F.2d 1299, 1301–02 (9th Cir.1984); *Hayden v. McDonald,* 719 F.2d 266, 268 (8th Cir.1983) (per curiam) (taking jurisdiction of appeal before determining that Rule 54(b) certification had been improvidently granted); *Tilden Financial Corp. v. Palo Tire Service, Inc.,* 596 F.2d 604, 606–07 (3d Cir.1979). *But cf. Oak Construction Co. v. Huron Cement Co.,* 475 F.2d 1220, 1221 (6th Cir.1973) (per curiam) (no 54(b) certification was entered before appellate court's decision; "[t]his lack of jurisdiction cannot be cured now by a belated Rule 54(b) certification").

The circuits that take a more forgiving attitude toward premature notices of appeal state varying reasons to reject our *A.O. Smith* approach. The Ninth Circuit, in *Freeman v. Hittle,* 747 F.2d 1299 (9th Cir.1984), takes direct issue with *A.O. Smith's* assertion that dismissing premature notices of appeal would prevent administrative complications:

> "The concern of the Tenth Circuit was that allowing appeals where the appellant had not secured a 54(b) certification would lead to a large number of cases being held in a pending category and to confusion and delay. [*A.O. Smith,* 647 F.2d] at 121. We respectfully disagree. The procedure would not be unduly complicated. If a 54(b) certification had been entered since the notice of appeal, as here, the case would be properly before the reviewing court; if 54(b) certification had not been entered, the appeal would be dismissed as a nonfinal judgment."

*Id.* at 1301–02. The Seventh Circuit takes the position that dismissal of premature notices of appeal actually would increase administrative burdens on courts and litigants: "[D]ismissal of the appeal due to the belated certification would be 'empty paper shuffling' because the same papers would likely be before the court in a matter of months after appellants went through 'the empty formality of obtaining another certification and filing another notice of appeal.'" *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin,* 760 F.2d 177, 181 (7th Cir.1985) (quoting *Local P–171, Amalgamated Meat Cutters and Butcher Workmen v. Thompson Farms Co.,* 642 F.2d 1065, 1074 (7th Cir.1981)).

Strictly speaking, precedent in this circuit does not require dismissal of this appeal. The *A.O. Smith* opinion did not cite or expressly overrule *Morris v. Uhl & Lopez Engineers, Inc.,* 442 F.2d 1247 (10th Cir.1971), in which we took a more charitable approach to a premature notice of appeal. The facts of *Morris* closely parallel the instant case. The appellant there filed a notice of appeal without obtaining Rule 54(b) certification; the entire case was concluded by the district court by the time the original appeal reached the panel's attention, but appellant had failed to file a new notice of appeal. As in the instant case, a hard-line rule would have denied appellant any appeal at any time. Rejecting this approach, we wrote:

> "In our view, the notice of appeal had capacity in the circumstances to provide jurisdictional basis that would entitle this Court to refuse, as it did, to make dismissal of the appeal out-of-hand and to allow the notice to ripen into full effectiveness as to the rendered judgment, since it seemed apparent that the judgment would remain unchanged in its form and content; that its lack of technical formal finality would become dispelled in natural course and within a not undue period of time; and that no prejudice could result to any one from so dealing with the notice."

442 F.2d at 1250. *See also Frankfort Oil Co. v. Snakard,* 279 F.2d 436, 438–39 (10th Cir.) (allowing appeal in similar circumstances), *cert. denied,* 364 U.S. 920, 81 S.Ct. 283, 5 L.Ed.2d 59 (1960).

*Morris* and *A.O. Smith* are not irreconcilable. In *Morris,* the appeal would have been lost but for the court's lenity. *A.O. Smith,* in contrast, did not present an appellant which would lose entirely its right to appeal if the panel ruled against it.

Thus, perhaps the two cases can coexist in this circuit on this basis; but there is no doubt great tension exists between their different approaches.

Jurisdictional problems under the *A.O. Smith* rationale have arisen too frequently in this circuit since that decision. In a typical scenario, counsel, after belatedly recognizing the lack of a Rule 54(b) certification, would secure such a certification from the district court but would fail to file a new notice of appeal. Because the appealed order was final and certified for appeal under Rule 54(b), failure to file a new notice foreclosed the appeal unless the court was willing to interpret the words "final order" in Rule 54(b) and in 28 U.S.C. § 1291 as having different meanings. *See Trinity Broadcasting Corp. v. Eller*, 835 F.2d 245, 247 n. 2 (10th Cir.1987). In other cases no Rule 54(b) certification would ever be obtained, but before this court alerted the parties to the jurisdictional defect, the district court would have terminated the entire litigation by adjudicating the other claims. The losing parties, thinking they already had a viable appeal raising the issues that concerned them, would fail to file a new notice of appeal. Thus, the requirement that a new notice of appeal be filed after a belated Rule 54(b) certification or after disposition of all other claims often proved a trap for unwary attorneys. Further, the rule of *A.O. Smith* caused this court to expend undue judicial resources untangling situations such as the "administrative closing order" in the case before us. Because of these problems we now overrule *A.O. Smith, Lamp, Golden Villa Spa*, and any other cases to the same effect, and we reaffirm *Morris*, with the refinements hereafter noted.

In the situation like that before us, in which the other claims were effectively dismissed after the notice of appeal was filed, we believe Fed.R.App.P. 4(a)(2) permits the interpretation that the notice of appeal, filed prematurely, ripens and saves the appeal. *Accord Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 184–85 (3d Cir.1983); *see also Finn v. Prudential–Bache Securities, Inc.*, 821 F.2d 581, 585 (11th Cir.1987) (allowing appeal without express reliance upon Fed.R.App.P. 4(a)(2)); *Gillis v. United States Department of Health & Human Services*, 759 F.2d 565, 569 (6th Cir. 1985) (same); *Pireno v. New York State Chiropractic Association*, 650 F.2d 387, 389–90 n. 4 (2d Cir.1981) (same), *aff'd sub nom. Union Labor Life Insurance Co. v. Pireno*, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982); *Anderson v. Allstate Insurance Co.*, 630 F.2d 677, 680–81 (9th Cir.1980) (same); *Jetco Electronic Industries, Inc. v. Gardiner*, 473 F.2d 1228, 1231 (5th Cir.1973) (same). In analogous situations, the Supreme Court has allowed subsequent events to validate prematurely filed appeals. *See, e.g., Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962); *Lemke v. United States*, 346 U.S. 325, 326, 74 S.Ct. 1, 1, 98 L.Ed. 3 (1953) (criminal appeal). Thus, when a district court has adjudicated all remaining outstanding claims before this appellate court acts to dismiss the appeal, we will consider the appeal on its merits rather than dismiss for lack of jurisdiction, whether or not a party in the meantime has obtained a Rule 54(b) certification. In such cases generally we will consolidate or companion the earlier appeal with any subsequent appeals arising out of the same district court case.

When the district court case is still ongoing at the time the appeal reaches this court's attention, two possibilities arise. One is that a belated Rule 54(b) certification has been obtained. In this situation, if the appellant obtains a 54(b) certification after the notice of appeal was filed, we will deem the notice of appeal to ripen as of the date of certification and will accept the jurisdiction pursuant to the savings provision of Fed.R.App.P. 4(a)(2). The other possibility is that no Fed.R.Civ.P. 54(b) certification has been obtained. For this, we hereby adopt the practice of notifying the parties of our observation of the apparent jurisdictional defect and giving them a date certain by which to secure Rule 54(b) certification or an order or judgment explicitly adjudicating all remaining claims. If no certification, or final, dispositive adjudication, is obtained and presented to this ap-

pellate court by the specified date, the case will be dismissed summarily for lack of appellate jurisdiction.

Having determined that we have jurisdiction in the instant case, we order the appeal placed on the regular calendar. Briefs are to be filed according to the schedule set out in 10th Cir.R. 31 measured from the date this opinion is entered.

IT IS SO ORDERED.

BALDOCK, Circuit Judge, with whom BRORBY, Circuit Judge, joins, dissenting.

The majority holds that a premature notice of appeal is effective if a subsequent Fed.R.Civ.P. 54(b) certification is obtained or if a final adjudication of the matter occurs before the court considers the merits of the appeal. I respectfully disagree with this procedure for two reasons. First, I do not think that the court of appeals has the power to expand appellate jurisdiction through reinterpretation of settled law. Second, even assuming the new procedure is more efficient, I question the need to provide a failsafe system for preserving a civil appeal due to the ease of compliance with the established rules.

28 U.S.C. § 1291 provides that "The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court." In the situation before us, there is little mystery as to what constitutes a final decision. A final decision under § 1291 is one which " 'ends the litigation on the merits and leaves nothing for the court to do but execute on the judgment.' " *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988)

(quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). In the absence of a final judgment on all claims or a final judgment on part of the claims, Fed.R.Civ.P. 54(b) makes it clear that 1) there can be no final decision which terminates the action, and 2) any previous decision is subject to revision at any time before the entry of a final judgment adjudicating all claims.[1] Although the collateral-order doctrine provides an exception to the final-decision rule contained in § 1291, the doctrine is without application in this case. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949) (collateral-order doctrine stated); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (requirements for application of collateral-order doctrine). Instead, we are presented with a notice of appeal filed before the district court adjudicated all the claims in the action and before a Rule 54(b) certification was obtained.

Under our prior decisions, this appeal would be dismissed for lack of jurisdiction. Appellate jurisdiction would be determined as of the date the notice of appeal was filed (January 16, 1987), and a later Rule 54(b) certification by the district court would be ineffective. *Lamp v. Andrus*, 657 F.2d 1167, 1169 (10th Cir.1981); *A.O. Smith Corp. v. Sims Consol., Ltd.*, 647 F.2d 118, 120 (10th Cir.1981). Although summary judgment in favor of defendants was entered on the main claim on December 18, 1986, that judgment failed to adjudicate all the claims of the parties. It was not a final judgment. Fed.R.Civ.P. 54(b). The next order entered on December 31, 1987, the administrative closing order staying the de-

---

1. Fed.R.Civ.P. 54 provides:

   **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or the parties only upon an express determination that there is no just reason for delay and upon an express di-

   rection for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.

fendant's counterclaim, left defendant Goodrich the option of reopening the action within sixty days. The administrative closing order indicates that the district court never intended its summary judgment order to be a final order. The counterclaim was pending at the time the notice of appeal was filed, January 16, 1987, and the summary judgment entered by the district court could have been revised. *Golden Villa Spa, Inc. v. Health Indus., Inc.,* 549 F.2d 1363, 1364 (10th Cir.1977); Fed.R. Civ.P. 54(b). Accordingly, the notice of appeal was premature and ineffective.

The majority concludes that the premature notice of appeal became effective when the administrative closing order "matured into a dismissal of the counterclaim with prejudice" and thereby created an appealable final judgment. Majority Opinion at 643. The majority claims to find support for its new rule in Fed.R.App.P. 4(a)(2), which provides:

> Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

Fed.R.App.P. 4(a)(4), referred to in Rule 4(a)(2), clarifies that a notice of appeal filed prior to the disposition of a post-trial motion is ineffective and that a new notice of appeal must be filed after the disposition of the motion. By its terms, Rule 4(a)(2) applies when a party appeals "after the announcement of a decision or order but before entry of the judgment or order." "It applies, therefore, only to a decision that will be final on its entry. It does not make appealable an order that is not appealable under § 1291 or § 1292(a)." 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 204.14 (1987). Thus, Rule 4(a)(2) hardly applies in these circumstances because the original summary judgment was not an appealable order. Moreover, the appellate rules are not to be construed so as to expand the court's jurisdiction. Fed.R. App.P. 1(b).

The majority also relies on other cases which have reached a similar result. The most persuasive reason advanced for this result is that the Supreme Court has indicated that there must be a practical rather than technical approach to finality under § 1291, one which balances the harms of piecemeal review against justice denied by delay. *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964); *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225. I cannot agree, however, that "[i]n analogous situations, the Supreme Court has allowed subsequent events to validate prematurely filed appeals. *See, e.g., Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962); *Lemke v. United States,* 346 U.S. 325, 326, 74 S.Ct. 1, 98 L.Ed. 3 (1953) (criminal appeal)." Majority Opinion at 645.[2] These brief cases simply do not turn on an attempt to appeal solely from a judgment which could not be final upon entry. Because I view the majority's decision as conflicting with Fed.R.Civ.P. 54(b), I am not persuaded that the general Supreme Court authority mentioned by the majority is adequate support for the result achieved here.

There is another reason why I cannot agree with the new procedure announced by the majority. Perfecting an appeal is not a difficult task and it should be entrusted to those appearing before the court rather than to the court itself. The following best expresses this sentiment:

> The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once and for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it

---

2. *See also Anderson v. Allstate Ins. Co.,* 630 F.2d 677, 681 (9th Cir.1980) ("Analogously, subsequent events can validate a prematurely filed appeal."). This proposition is also supported by citations to *Foman* and *Lemke.*

necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure.

*Sullivan v. Holbrook*, 109 S.W. 668, 670 (Mo.1908) (Lamm, J.). After our initial reminder that the appeal was jurisdictionally defective, appellants obtained a Rule 54(b) certification from the district court but did not file another notice of appeal. In light of what was settled Tenth Circuit law at the time, the failure to file a timely notice of appeal was hardly prudent. In the long run, and in fairness to those who do follow the simple appellate rules, the court's time is better spent resolving correctly filed appeals rather than shepherding stray appeals back into the flock.

I would dismiss the appeal for lack of jurisdiction.