**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE WHEELER, individually
and as parent and next friend of Kirby
Wheeler, a minor; BRAD ALPERS;
DIANE DUCHARME, as parent and
next friend of Steven Ducharme,
a minor,

      Plaintiffs-Appellants,

v.

TERRY SCARAFIOTTI; PAT
BARNCASTLE; LARRY BELL,
in their personal capacity acting under
color of state law,

      Defendants-Appellees.

Nos. 02-2297 & 02-2345
(D.C. No. CIV-01-1164 JP/WWD)
(D. N.M.)

**ORDER AND JUDGMENT**  *

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

\*     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs George Wheeler, individually and as parent and next friend of Kirby Wheeler, Brad Alpers, and Diane Ducharme, appearing as parent and next friend of Steven Ducharme, (hereinafter "Wheeler") appeal the district court's dismissal of their 42 U.S.C. § 1983 civil rights complaint against defendants Terry Scarafiotti, Pat Barncastle, two officers of the New Mexico Game and Fish Department, and Larry Bell, the Department's Director. Wheeler alleges that Officer Scarafiotti used excessive force in connection with his investigation of a hunting incident, and that Officer Barncastle failed to train him properly; moreover, he contends that Scarafiotti maliciously prosecuted him, and that Director Bell failed to take action to prevent the criminal prosecution. In separate grants of partial summary judgment, the district court ruled that defendants were entitled to qualified immunity with respect to the excessive force claim, and that Heck v. Humphrey, 512 U.S. 477, 484 (1994), rendered Wheeler's malicious prosecution claim not cognizable under § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, [1] we affirm.

---

[1] Plaintiffs filed a premature notice of appeal on October 22, 2002, from the district court's grant of partial summary judgment on the malicious prosecution claim. This court then issued a show cause order informing the parties that unless the district court either certified the dismissed claim under Fed. R. App. P. 54(b) or explicitly adjudicated the remaining claims within thirty days, the appeal would be dismissed. On November 21, 2002, the district court entered partial summary judgment dismissing the remaining claims. Under Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988) (en banc), plaintiffs' premature filing on

(continued...)

2

# I

On September 17, 2000, Wheeler and Alpers went antelope hunting with two minors. Wheeler drove his pickup truck, Alpers was a passenger, and the children rode in the back of the truck. During the ride, one of the children shot at an antelope from the truck's bed. New Mexico Game and Fish Department officers, one of whom was Officer Scarafiotti, witnessed the incident from approximately one mile away and began to drive after the truck to effectuate a stop. Wheeler was apparently unaware that the officers were following him and failed to pull over immediately. The officers lost visual contact with Wheeler's truck temporarily, but they eventually caught up to the truck and pulled it over.

Upon stopping the truck, the officers crouched behind the doors of their vehicle, and Officer Scarafiotti loudly requested that the truck's passengers raise their hands above their heads. The officers accused Wheeler of attempting to evade and elude them and ultimately cited him for that offense as well as for aiding and abetting the child in firing from the vehicle, and for driving off of an established road. Acquitted on the charges of aiding and abetting and the charge

---

[1](...continued)
October 22, 2002 of a notice of appeal was "ripen[ed] and sav[ed]" by the district court's order of November 21, 2002, and the appeal now meets the "finality requirement" of 28 U.S.C. § 1291.

of evading, eluding, and obstructing, Wheeler ultimately was convicted only on the charge of driving off of an established road.

Wheeler brought two separate claims against the officers. First, Wheeler claimed that Officer Scarafiotti used excessive force when he requested that they raise their hands while placing his hand on or near his gun holster, and when he threatened to incarcerate Alpers. Granting defendants' motion to dismiss on this issue, the district court found that plaintiffs failed to meet their burden of demonstrating that Officer Scarafiotti's conduct violated clearly established rights.

In addition to the excessive force claim, Wheeler brought a malicious prosecution claim under § 1983, alleging that Officer Scarafiotti knowingly made false statements in his incident report and at the criminal trial in an attempt to obtain a conviction of Wheeler for evading, eluding and/or obstructing an officer and for driving off-road. Wheeler also alleged that Officer Scarafiotti attempted to influence his fellow officer to alter his incident report to corroborate his report.

Defendants filed a motion for partial summary judgment asserting that Heck v. Humphrey barred Wheeler's malicious prosecution claim since a judgment in his favor would necessarily imply the invalidity of the conviction for driving off-road. Agreeing, the district court found that "the charges were not severable" and "arose from the same events and were prosecuted on the same

4

finding of probable cause and the same testimony at trial." Aplee. App. at 103. The district court ultimately concluded that because the same incident report and testimony led to the charges of driving off-road and evading and eluding, "[i]f Wheeler is successful in convincing a jury that law enforcement officers falsified reports in order to prosecute a charge of evading, eluding and obstructing, and that the prosecution of this charge involved perjured testimony, the conviction for driving off-road would necessarily be called into question because it was based on the same information and the same testimony." Id.

## II

We review a grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). On summary judgment, issues concerning all other elements of the claim become immaterial if the plaintiff does not come forward with sufficient evidence on any essential element of the cause of action. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

With respect to Wheeler's excessive force claim, in civil suits for money damages, government officials are entitled to qualified immunity "unless their conduct violated clearly established . . . constitutional rights of which a reasonable person would have known." Anderson v. Creighton, 483 U.S. 635,

648 (1987). We review the district court's resolution of the qualified immunity issue de novo. Farmer v. Perrill, 288 F.3d 1254, 1259 (10th Cir. 2002).

Excessive force claims are analyzed under the "objective reasonableness" standard of the Fourth Amendment, which asks "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 388 (1989). Whether an officer's conduct was reasonable is evaluated from the viewpoint of a reasonable officer at the scene, recognizing that split-second decisions often must be made under dangerous and uncertain conditions. Medina v. Cram, 252 F.3d 1124, 1131 (10th Cir. 2001). In assessing the reasonableness of force used by an officer, we consider the severity of the crime, the suspect's potential threat to the safety of officers and others, and whether the suspect attempted to resist or evade arrest. Olsen v. Layton Hills Mall, 312 F.3d 1304, 1314 (10th Cir. 2002).

Although an excessive force claim under the Fourth Amendment may exist where there has been no physical contact, a plaintiff must nonetheless demonstrate that the amount of force used was "sufficiently egregious to be of constitutional dimensions." Martin v. Bd. of County Comm'rs, 909 F.2d 402, 406-07 (10th Cir. 1990) (citing Wise v. Bravo, 666 F.2d 1328, 1335 (10th Cir. 1981)). Wheeler fails to make such a showing. There is no allegation of bodily

6

or physical injury, and Scarafiotti's alleged conduct — screaming at the defendants to raise their hands, having his hand near his holstered weapon, and threatening possible incarceration — was objectively reasonable under the facts and circumstances surrounding the stop of Wheeler's truck.

Officer Scarafiotti was authorized to detain plaintiffs for questioning and investigation because he had a reasonable and articulable suspicion they had committed a crime; indeed, the minor who fired the weapon admitted culpability in juvenile court for the crime of firing at a protected species from within a vehicle, and Wheeler was convicted of driving off-road. See Terry v. Ohio , 392 U.S. 1, 27 (1968); see also Atwater v. City of Lago Vista , 532 U.S. 318, 354 (2001) (holding that the Constitution tolerates full custodial arrests for offenses that are only punishable by fines).

Further, the minor's conduct, which precipitated the investigation and ultimate stop, involved illegally shooting a loaded firearm. It was therefore reasonable for Officer Scarafiotti to perceive a risk of injury or danger to himself, his fellow officer, or others. It is undisputed, moreover, that Officer Scarafiotti did not touch or even display his weapon. Such a proper display of lawful authority, on these facts, simply does not violate the Fourth Amendment. See Holland ex rel. Overdorff v. Harrington , 268 F.3d 1179, 1191 (10th Cir. 2001), cert. denied , 535 U.S. 1056 (2002). Because the facts alleged by plaintiffs are

7

insufficient to state a constitutional violation, the district court properly granted defendants qualified immunity. See Saucier v. Katz, 533 U.S. 194, 201 (2001).

**III**

To state a cause of action for malicious prosecution, in addition to alleging the necessary elements of a malicious prosecution claim, a plaintiff must allege and prove that the criminal proceeding that gave rise to the action "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486–87. To ascertain whether a § 1983 claim for damages is cognizable, therefore,

> the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 487 (footnote omitted) (emphasis added). Because we agree with the district court's conclusion that Heck v. Humphrey bars Wheeler's claim, we affirm the district court's grant of summary judgment to defendants on the issue of malicious prosecution.

8

Under the principles of Heck v. Humphrey, dismissal is proper if Wheeler's attempt to demonstrate malicious prosecution on the evading and eluding charge to a jury would necessarily imply the invalidity of his outstanding conviction for driving off-road. In an effort to avoid Heck's restrictions, Wheeler contends that the charge on which he was convicted is wholly severable from the charge on which he alleges malicious prosecution and thus would not necessarily imply its invalidity. While it is true that evading and eluding is not the same offense as driving off-road as a general matter, in this case the charges are not so easily severable.

In the instant case, to the contrary, the district court found that the driving off-road offense and the evading and eluding offense arose out of the same events; moreover, the charges were based on the same finding of probable cause and the same testimony at trial. Wheeler fails to introduce evidence to the contrary, but rather attempts here to cast doubt on the same reports that led to his conviction on the charge of driving off-road. Certainly an attempt to convince a jury that the officers falsified the very reports that led to his conviction would cast doubt on that conviction. Because success on a malicious prosecution claim would necessarily imply the invalidity of the conviction for driving off-road, therefore, Heck v. Humphrey requires that the claim be dismissed.

9

The judgment of the district court is AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge