**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

A. McREYNOLDS,

      Plaintiff-Appellant,

v.

KENNETH F. WYNN, Director, Utah
Department of Alcoholic Beverage
Control; LARRY V. LUNT, Chairman;
TED D. LEWIS, Vice Chairman;
NICHOLAS E. HALES; FRANK W.
BUDD; MARY ANN MANTES,
Members, Utah Alcoholic Beverage
Control Commission; KEVIN
HANSEN,

      Defendants-Appellees.

No. 06-4077
(D.C. No. 2:05-CV-122-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff McReynolds brought suit under 42 U.S.C. § 1983 alleging that he was deprived of a liberty interest without due process of law when he was not allowed to purchase liquor from a state-run liquor store. Plaintiff had provided proof of his legal age (twenty-one) for the purchase, but was refused service because a companion lacked proof that he also was not a minor. The district court granted judgment on the pleadings for defendant Hansen, the store clerk, on several alternative grounds: (1) there is no state-created liberty interest in the purchase of liquor on which to premise a due process claim; (2) even if such an interest exists, its isolated and temporary deprivation here (the momentary inability to purchase liquor from a particular store) was too minimal to warrant constitutional redress; and (3) even if a cognizable deprivation occurred, the relevant legal principles were not clearly established and, therefore, defendant Hansen was entitled to qualified immunity in any event. Plaintiff then commenced this appeal.[1] On de novo review, *Fernandez v. Mora-San Miguel Elec. Co-op., Inc.*, 462 F.3d 1244, 1250 (10th Cir. 2006), we affirm for the reasons explained below.

---

[1] Plaintiff's appeal was premature in light of the claims pending against the rest of the defendants. *See* Fed. R. Civ. P. 54(b). In the meantime, however, the district court entered judgment for defendants on all remaining claims, thereby ripening plaintiff's appeal. We note that, given plaintiff's failure to appeal from the later entry of final judgment, this appeal may be limited to the judgment granted for defendant Hansen. *See Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992) (explaining *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641 (10th Cir. 1988)). In any event, our disposition of the appeal involving the Hansen judgment is conclusive as to the entire case.

In Utah, "21 . . . is the legal age for purchasing alcoholic beverages or products." Utah Code Ann. § 53-3-806(3) (citing *id*. § 32A-12-203); *see also id*. § 32A-2-103(a). An adult may purchase liquor at a state store unless he is "actually, apparently, or obviously intoxicated"; a "known habitual drunkard"; or a "known interdicted person." *Id*. § 32A-2-103(5)(b)-(d). Plaintiff contends that through assuming control over the sale of alcohol and specifying by statute who is legally entitled to purchase it, the State has created a constitutionally cognizable interest, sufficient to trigger due process protection, in favor of any member of the public who meets the statutory qualifications. He claims he was summarily deprived of this interest, in a manner actionable under § 1983, when defendant Hansen refused to sell him liquor on the ground that his companion lacked proof of age. The district court rejected this claim, agreeing with defendant that the issue was not whether plaintiff had a protected interest *in the purchase of liquor* (allegedly denied without adequate process when his companion did not produce proof of age), but whether plaintiff had a protected interest *in the purchase of liquor while in the company of a person without proof of age*. The district court held that such an interest did not exist.

In framing the due process issue, the district court looked to regulations and policies, referred to in the pleadings, relating to the presence of minors in liquor stores. By regulation, "[n]o person under the age of 21 years may enter a state liquor store unless accompanied by a parent, legal guardian, or spouse that is

21 years of age or older." Utah Admin. Code R81-2-7. This prohibition is now included in the statutory scheme. *See* Utah Code Ann. § 32A-2-103(8)(a) (added by 2005 Utah Laws, ch. 152, § 2, effective May 2, 2005). The state alcoholic beverage control manual further provides that all persons who enter a liquor store without a parent, guardian or spouse must have adult identification, and specifically directs store clerks to confirm that all persons have identification when a member of a group attempts to purchase alcohol. Aplt. App. at 51. A clerk may refuse to sell liquor to anyone whom he has reason to believe may be attempting to purchase alcohol illegally for a minor. Utah Admin. Code R81-2-6. The link between the group-identification rule and the State's effort to prevent minors from obtaining alcohol through adults is obvious, and has now been made explicit in the statutory scheme: if a patron or his companion lacks identification, the store clerk "shall refuse to sell liquor . . . to the person who accompanied the suspected minor into the state store," and "shall require [them] . . . to immediately leave the premises." Utah Code Ann. § 32A-2-103(8)(b)-(d) (added by 2005 amendment).

Due process claims entail a two-step inquiry: "(1) did the [plaintiff] possess a protected interest such that due process protections were applicable; and if so, then (2) was the [plaintiff] afforded an appropriate level of process." *Veile v. Martinson*, 258 F.3d 1180, 1184-85 (10th Cir. 2001) (quotation omitted). The regulations and policies (now codified) relating to persons accompanying a liquor

purchaser undercut plaintiff's due process claim at one or the other of these steps, depending on whether the provisions are viewed as conditions precedent to the existence of a right to purchase liquor or as grounds for denying such a right. If any right of an adult to purchase liquor is inchoate unless and until the additional requirements cited above are met, plaintiff's failure to satisfy the requirements defeats his claim at the first step in a direct and obvious way, because it negates the requisite protected interest *ab initio*.[2]

On the other hand, if a state's assumption of control over the sale of liquor creates a constitutionally cognizable right of access in members of the public who meet the basic legal qualifications for purchase (anyone at least twenty-one years old who is sober, not habitually intoxicated, and not interdicted), plaintiff's claim would still fail at the second step of the due process inquiry, so long as grounds for denying that right were enforced through constitutionally permissible process. The governing constitutional standard is flexible, requiring only such procedural

---

[2]     This is the thrust of defendant's position, adopted by the district court, that plaintiff's due process claim fails because he did not have a protected interest *in purchasing alcohol when accompanied by a person without proof of age*. Plaintiff objects to this characterization of the interest, arguing that the fact-specific level of description used by defendant to qualify the interest unduly restricts its scope for purposes of due process analysis. That is, plaintiff argues that defendant's formulation constricts the underlying interest by, in the terms used above, treating grounds for denying a protected interest (which must be proved in constitutionally adequate process) as conditions precedent to the existence of the interest (which negate the right to process from the outset). We need not resolve this level-of-description conundrum, because plaintiff's claim fails in any event, as explained in the next paragraph above.

protections as the particular situation demands. *Gilbert v. Homar*, 520 U.S. 924, 930 (1997) (following *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). This situational analysis focuses on the nature of the plaintiff's interest, the practical efficacy of existing procedures to protect that interest and the benefit additional procedures would afford, and the interests of the State. *Id.* at 931-32 (following *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). Applying these factors, we conclude that plaintiff received sufficient process to undercut any due process claim here.

In assessing plaintiff's interest, "account must be taken of 'the *length*' and '*finality* of the deprivation.'" *Id.* (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1982)). As the district court emphasized, the deprivation at issue here was quite minor in these respects. Plaintiff was merely refused liquor at one store on one occasion, for a reason that would not extend beyond the unique–and avoidable–combination of circumstances this one occasion presented (entry with a companion lacking proof of age). The minimal nature of plaintiff's deprivation strongly suggests that a correspondingly minimal level of process was due. Indeed, the district court may have been correct in rejecting plaintiff's claim out of hand on the basis that the deprivation was constitutionally de minimus. *Cf., e.g.*, *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (affirming dismissal of due process claim because single incident in which parental visitation

-6-

had been cut short was "so insubstantial in duration and effect" that it did not "rise to a constitutional level").

Bolstering that conclusion is the substantial countervailing weight of the State's interest in prompt, practical, and effective procedures for implementing its franchise over the distribution of liquor. The controlling statutory scheme explicitly invokes the State's significant interest in minimizing the social risks attendant upon the consumption of alcohol, especially where minors are involved. *See* Utah Code Ann. § 32A-1-104(4). We properly "accord[] the states great leeway in adopting summary procedures to protect public health and safety." *Mackey v. Montrym*, 443 U.S. 1, 17 (1979); *see, e.g.*, *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1220 (10th Cir. 2006).

The familiar procedure of "carding" liquor store patrons is an effective means both to protect the public interest and to afford patrons (and their companions) a fair and reasonable opportunity to demonstrate that an intended liquor purchase is consistent with the law. If a patron or his companion is momentarily unable to comply, the appropriate corrective is for that person to retrieve his documentation showing the requisite age and/or legal relationship (which, if not already possessed, is easy to obtain), not additional procedural measures of a more complicated, time consuming, and less objective nature. Given the practical realities of the situation, this traditional, convenient, and

effective procedure, accommodates all interests involved in a manner that cannot be deemed constitutionally deficient.

Finally, we note that we have deliberately not included in our analysis the alleged stigma plaintiff insists resulted from defendant Hansen's refusal to serve him. Contrary to plaintiff's hyperbole, he was not accused of a crime; he was merely refused service because he entered a liquor store with a companion who, lacking proof of age, gave Hansen *a reason to believe* an illegal purchase could be in the offing. If denying service for lack of required identification were tantamount to criminal accusation, the proper enforcement of liquor laws would generate a mountain of defamation cases against conscientious liquor store clerks around the country.

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge