**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

INOLA DRUG, INC., individually and
on behalf of all others similarly
situated,

        Plaintiff-Appellant,

v.

EXPRESS SCRIPTS, INC.,

        Defendant-Appellee.

No. 09-5094
(D.C. No. 4:06-CV-00117-GKF-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **TYMKOVICH** and **GORSUCH**, Circuit Judges.

---

Inola Drug, Inc. ("Inola") filed a complaint against Express Scripts,

Inc. ("ESI") that included claims for breach of contract,

misrepresentation/suppression, and unjust enrichment/constructive trust.  ESI

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed a counterclaim for breach of contract. In March 2009, the district court granted partial summary judgment in favor of ESI on Inola's claim for breach of contract. In early May 2009, Inola and ESI jointly stipulated to the dismissal without prejudice of Inola's misrepresentation/suppression and unjust enrichment/constructive trust claims, as well as ESI's counterclaim for breach of contract. On May 21, 2009, the district court entered judgment in favor of ESI, explaining that all claims had either been dismissed or resolved by summary adjudication.

On June 22, Inola filed a notice of appeal from the district court's May 21 judgment. On July 7, ESI filed its first motion to dismiss. On July 9, this court entered an order referring the motion to dismiss to this merits panel and abating the appeal. The order explained that the dismissals without prejudice might not be sufficient to give rise to a final appealable order, citing to *Jackson v. Volvo Trucks*, 462 F.3d 1234, 1238 (10th Cir. 2005). In *Jackson*, we explained that: "Our general rule is that a party cannot obtain appellate jurisdiction where the court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court." Accordingly, the order directed Inola to obtain a final judgment or certification under Fed. R. Civ. P. 54(b). *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645-46 (10th Cir. 1988). Inola ultimately obtained a Rule 54(b) certification order from the district court. During the course of the proceedings, ESI subsequently filed three more motions to dismiss,

all of which were referred to this merits panel. We DENY the first three motions as moot, GRANT the fourth motion, and DISMISS this appeal.

In the fourth motion, ESI argued that the appeal should be dismissed for lack of jurisdiction because the district court erred in granting Inola's motion for Rule 54(b) certification. When considering whether to certify an order under Rule 54(b), a district court must make two determinations:

> First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citations omitted). We apply a two-tiered standard of review to the district court's Rule 54(b) certification. *See id.* "The district court's determination of the certified order's finality is subject to *de novo* review because it is a question of law. However, the district court's determination that there is no just reason for delay is reviewed only for abuse of discretion." *Id.* (citations omitted).

In order to determine whether an order is "final" a district court must first consider the separability of the adjudicated and unadjudicated claims. *See Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005) (in considering whether an order is final, "the controlling jurisdictional question is . . . whether [the claim that has been resolved] is distinct and separable from the claims left unresolved" (quotation omitted)); *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d

1222, 1225 (10th Cir. 2002) (same); *Bruner*, 259 F.3d at 1243 (same). "For purposes of Rule 54(b), a claim comprises all factually or legally connected elements of a case." *Jordan*, 425 F.3d at 827 (quotation omitted). In determining whether claims are separable, courts should "consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id.*

Here, the district court concluded that its May 21 order was "'final' because it [was] an ultimate disposition of Inola Drug's contract claim and for injunctive relief based on the alleged breach of contract." Dist. Ct. Amended Order at 4. There was no discussion of whether the contract claim was "distinct and separable" from the claims that had been dismissed without prejudice.

The bulk of the district court's certification decision involved the court's consideration of whether there was any just reason for delay. As part of that discussion, the district court noted that the dismissed claims "are essentially variations on the same theme" as Inola's breach of contract claim and that they "represent overlapping grounds for the same relief." *Id.* at 5. But the district court ultimately determined that "[t]he presence of overlapping, unadjudicated claims for relief does not necessarily mean that Rule 54(b) certification would be improper." *Id.* The district court noted that although there was a "*possibility* that the appellate court might face substantially similar issues on a subsequent appeal of a subsequently-filed action," an appellate decision on the breach of contract

-4-

claim is likely to be dispositive of the dismissed claims. *Id.* at 6. Moreover, the district court explained that the dismissed claims are now likely barred by the statute of limitations. The district court therefore concluded that "[i]n the interest of sound and efficient judicial administration, Inola Drug ought to be afforded appellate review of [the decision] on the central claim in this lawsuit—the contract claim—when its claims dismissed without prejudice are likely barred" and that the "practical alternative would be to deprive Inola Drug of appellate review." *Id.*

ESI argues that the district court erred in granting Rule 54(b) certification because the district court's decision on whether the order is final is conclusory and fails to apply the test for determining finality as stated by this court. ESI further argues that the district court's discussion in the "no just reason for delay" section actually supports a finding that the order is not final because the district court has established that the claims are not separable. We agree with ESI.

The district court failed to consider whether the contract claim was "distinct and separable" from the dismissed claims when it made its finality determination. This was error. Moreover, the district court's subsequent analysis supports a determination that the order is not final. As the district court explained:

> The heart of plaintiff's case is its claim for breach of contract. Plaintiff's other claims are essentially variations on the same theme. For instance, in its claim for misrepresentation/suppression, plaintiff

> alleges defendant suppressed the fact that they would not honor the terms of the parties' *contractual* agreement(s) concerning such drug information updates. Plaintiff appears to seek contract damages for the alleged misrepresentation/suppression – restitution of the *contract amount* minus the amount reimbursed by Defendant. In its claim for unjust enrichment/constructive trust, plaintiff alleges in its *contracts and provider manuals*, ESI misrepresented and suppressed the true nature of their drug information update system from the Plaintiff by misrepresenting the fact that drug information would be updated daily, and such conduct engaged in by ESI has resulted in ESI obtaining money, which in equity and good conscience, belongs to Plaintiff. The alternative claims Inola Drug dismissed without prejudice represent overlapping grounds for the same relief.

Dist. Ct. Amended Order at 5 (quotations, citations, footnote and alterations omitted). These findings—which demonstrate that the claims have factual overlap, common legal questions, and seek the same relief— establish that the dismissed claims and the contract claim are not "distinct and separable." *See Jordan*, 425 F.3d at 826-27; *Old Republic*, 283 F.3d at 1225; *Bruner*, 259 F.3d at 1242-43. As we have explained when discussing the policy reasons behind Rule 54(b): "Interrelated legal claims and alternative theories for recovery should be litigated together and appealed together." *Jordan*, 425 F.3d at 829. Because the district court erred in certifying the May 21 order as a final order, we lack

jurisdiction to consider this appeal.  Accordingly, we GRANT ESI's fourth

motion to dismiss, and we DISMISS the appeal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge