951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carroll Richard OLSON, Plaintiff-Appellant,
v.
Michael MURROW; Robert Red Maxwell; Kirk Deer; Robert
Grimes; Jerry Mills; Carroll Deer; Harold D.
Coleman, Deon Odell; and Paul "Chris"
Nelson, Defendants-Appellees,
Carla Olson, Defendant.
 Nos. 91-3127, 91-3223.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1991.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Olson appeals, pro se, the dismissal of his civil action.
 
 
 3
 Mr. Olson filed his pro se complaint against ten defendants. Giving this document a liberal reading, as we must, we find it alleged seven of the defendants attempted to falsely arrest him when they were posing as FBI agents; reportedly committed assault and battery upon him; trespassed upon his property; forged checks upon his bank account; and slandered him. The remaining three defendants (the county attorney, sheriff and undersheriff) were alleged to have done nothing except fail to prosecute the other seven.
 
 
 4
 Nine defendants filed motions to dismiss based upon lack of subject matter jurisdiction and failure to state a claim. The district court granted these motions in a series of four separate orders. However, Carla Olson, who represents herself pro se, remains a defendant in district court.
 
 
 5
 Mr. Olson has filed two separate pro se appeals. The first is No. 91-3127, wherein Mr. Olson challenges the first three orders of the district court which collectively dismissed Mr. Olson's complaint against six of the defendants. Mr. Olson's second appeal is No. 91-3223, wherein he challenges the order of the district court which dismissed his complaint against three of the remaining four defendants.
 
 
 6
 We must first examine our jurisdiction to decide these appeals. In the first appeal, No. 91-3127, Mr. Olson filed his notice of appeal on April 5, 1991. He appealed the three orders of the district court, all entered on March 28, 1991, which dismissed Mr. Olson's complaint against six of the defendants. None of these three district orders was final as multiple parties were involved and as these orders collectively adjudicated the rights of fewer than all the parties. None of the three orders contained the certification required by Fed.R.Civ.P. 54(b). This notice of appeal was therefore premature. In Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988), we held a premature notice of appeal is effective to give us jurisdiction when the appellant obtains a final adjudication of the matter prior to the appeal being considered on its merits. As this has not happened, we have no jurisdiction to decide this appeal. The district court has yet to enter its final order due to the unresolved action therein pending against Carla Olson.
 
 
 7
 Mr. Olson's second appeal leads us to the same result. On May 24, 1991, the district court entered its order dismissing Mr. Olson's complaint against three of the remaining four defendants. This order granted defendants' motion to dismiss for failure to state a claim and was granted due to Mr. Olson's failure to respond as required by the district court's local rules. Mr. Olson filed his notice of appeal from this order on June 28, 1991, more than thirty days after the entry of this order. Again, this order fails to contain the required Fed.R.Civ.P. 54(b) certification. We therefore lack jurisdiction to hear this appeal and appeal No. 91-3223 should be dismissed.
 
 
 8
 Mr. Olson fails to understand the concept of finality. A party is not entitled to appeal every ruling of a district court as it happens. A party is entitled to appeal only a final order. A final order is one which adjudicates the rights of all the parties. In the case before us, the district court has adjudicated the rights of Mr. Olson and nine of the defendants. The rights of Mr. Olson and the tenth defendant have not been adjudicated. The district court's decision therefore is not final, and we do not have jurisdiction to hear and decide these appeals.
 
 
 9
 Appeals No. 91-3127 and No. 91-3223 are therefore DISMISSED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3