7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Everett AMES, Plaintiff-Appellant,
v.
BOARD OF EDUCATION UNIFIED SCHOOL DISTRICT NO. 264, Defendant-Appellee,
State of Kansas, Intervenor-Appellee.
 No. 92-3134.
 United States Court of Appeals, Tenth Circuit.
 Sept. 10, 1993.
As Amended Sept. 20, 1993.
 
 1
 Before McKAY and EBEL, Circuit Judges, and LEONARD,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 LEONARD, District Judge.
 
 
 4
 Plaintiff, Everett Ames, was employed as a tenured teacher with Unified School District No. 264 ("District") in Clearwater, Kansas beginning in 1977. On April 3, 1990, the Superintendent of Schools informed Ames that he would recommend non-renewal of Ames's employment contract with the District. At a meeting of the Board of Education ("Board") later that night, the Board went into executive session to discuss Ames's continued employment. During this session, Ames orally presented his position to the Board. Following the executive session, the Board passed a resolution not to renew Ames's contract for the 1990-1991 school year.
 
 
 5
 On April 4, 1990, Ames was given written notice of the Board's intent not to renew his contract. The notice specified the reasons for the decision and informed Ames of his entitlement to a hearing before a hearing committee pursuant to K.S.A. 72-5436, et seq. Ames requested such a hearing on April 11, 1990 and by May 25, 1990, all three members of the hearing panel had been named. The hearing was originally scheduled for September 13, 1990, but was postponed so that the parties could conduct further discovery. Due to scheduling conflicts, the evidentiary hearing was not held until July 25, 1991. The hearing panel issued its decision on June 2, 1992, approximately three months after the district court entered the order at issue in this appeal.
 
 
 6
 In the district court, Ames sought injunctive relief and damages pursuant to 42 U.S.C. § 1983 for the alleged deprivation of his right to due process. Ames contends that he was not afforded a pretermination hearing before his wages and employment benefits were discontinued by the Board. Ames also claims that he was denied due process because his statutory hearing was not held at a meaningful time and in a meaningful manner.
 
 
 7
 On March 6, 1992, the Honorable Patrick Kelly granted the Board's motion for summary judgment on the due process claims.[1] In a well-reasoned Memorandum and Order, Judge Kelly held that Ames received a pretermination hearing when he appeared before the Board in executive session on April 3, 1990. Judge Kelly also found that the fifteen month delay between notice of nonrenewal and the statutory hearing did not constitute a per se violation of Ames's constitutional right to a hearing at a meaningful time and in a meaningful manner.
 
 
 8
 We review the grant summary judgment under the same standard used by the district court. Carland v. Metropolitan Life Ins. Co., 935 F.2d 1114, 1118 (10th Cir.1991). Summary judgment is appropriate if the pleadings, affidavits, answers to interrogatories and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982).
 
 
 9
 On appeal, Ames does not take issue with the district court's findings of fact. Rather, he contends that in applying those facts, the court reached incorrect conclusions of law. Specifically, Ames argues that the district court erred in holding that the Board could terminate his salary and benefits prior to providing him with an evidentiary hearing pursuant to K.S.A. 72-5438. Ames also claims that the district court erred in concluding that the fifteen month delay between his request for a hearing and the hearing date did not constitute a violation of his due process rights.
 
 
 10
 With respect to the pretermination hearing issue, the district court correctly determined that Ames was afforded all the process he was due. While the due process clause "requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment,"[2] that hearing need not be a full evidentiary hearing. Rather, all that is required is that the public employee receive "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Loudermill, 470 U.S. at 546. It is undisputed that Ames received advance notice of the Board's intent not to renew his contract and that he was given the opportunity to personally address the Board during executive session to argue his case. This procedure fully comports with the requirements of the due process clause. Contrary to Ames's arguments, the pretermination hearing need not be coextensive with the post-termination evidentiary hearing provided by K.S.A. 72-5438.[3]
 
 
 11
 The district court likewise did not err in concluding that the fifteen month delay before the post-termination hearing convened did not rise to the level of a constitutional violation. The court recognized that Ames was entitled to a post-termination hearing "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1964). We agree with the court's conclusion that the facts of this case do not warrant a finding that the delay was unconstitutional. In fact, the record reflects that the circumstances causing the delay were attributable to both parties. Ames's contention that the Kansas statutes define meaningful time for a hearing to mean "predeprivation" has been rejected by the Kansas Supreme Court and we reject it here. See McMillen v. Unified School District No. 380, --- P.2d ----, 1993 W.L. 217897 (Kan. June 16, 1993) ("Kansas statutes provide for a full adversarial due process hearing following termination of the teacher's contract.") (emphasis added).
 
 
 12
 In short, no due process violation occurred in this case, either with respect to the pretermination process or the post-termination hearing. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Timothy D. Leonard, United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Pursuant to this order, judgment was entered on March 9, 1992. Ames filed a Notice of Appeal on April 6, 1992. On April 23, 1992, counsel were notified that the court was considering summary dismissal of this appeal for lack of appellate jurisdiction as it was not clear whether the district court had disposed of all claims. On May 18, 1992, counsel for Ames filed a certified copy of a Memorandum Order entered by Judge Kelly on May 7, 1992 that certified that "all claims raised in the captioned matter have been fully disposed of." Ames v. Board of Education, No. 91-1278-K, slip op. at 1 (D.Kan. May 7, 1992). On June 10, 1992, an Order was entered referring the jurisdictional issue to this panel. We find that appellate jurisdiction exists and therefore address the merits of the appeal. See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 6645-46 (10th Cir.1988)
 
 
 [2]
 Cleveland Bd. of Education v. Loudermill, 470 U.S. 532, 542-43 (1985) ( quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976))
 
 
 [3]
 The Supreme Court of Kansas recently rejected the argument that a teacher who has been afforded a pretermination hearing must continue to receive salary and benefits after termination of the contract year. McMillen v. Unified School District No. 380, --- P.2d ----, 1993 W.L. 217897 (Kan. June 16, 1993). The court found that "[N]othing in our statutes requires that a nonrenewed teacher's salary must be continued until the statutory due process proceeding and any appeals therefrom are finally completed.... As recognized in Loudermill, the pretermination hearing does not require the formalities and procedural requisites to the extent provided by our statutory due process procedure. The pretermination hearing need be nothing more than a hearing at which the teacher is advised of the charges and given an explanation of the nature of the evidence upon which the school board relies, along with an opportunity for the teacher to present his or her side of the story and any explanation the teacher may care to make in denying the charges.... If such hearing is provided, then the constitutional due process recognized in Loudermill has been satisfied. Until such time, the teacher is entitled to continue to receive the salary provided by the contract between the parties." Id. at * 6. We concur with the Court's conclusions in McMillen