UNITED STATES COURT OF APPEALS
**Filed 6/26/96**
FOR THE TENTH CIRCUIT

KENNETH JOHN BARRY,

     Plaintiff-Appellant,

v.

FRANK O. GUNTER, Executive Director for the Colorado Department of Corrections; ROBERT J. FURLONG, Superintendent for C.M.C. Facility, Colorado Department of Corrections; ERNIE PYLE, Assistant Superintendent for C.M.C. East Complex; BEN BLACKMORE, Lt., Captain of evening operations and functioning as swing-shift commander at Four-Mile Correctional Facility; ROXANNE MORIN, Lieutenant; RONNIE JONES, investigator for the Colorado Department of Corrections in his official capacity; ROBERT R. REILLY, Physician; WILLIAM WILSON, JR., former Inspector General of the Colorado Department of Corrections; STEVE PAOULINO, Correctional Officer at Four-Mile Correctional Facility; CARMEN ZARR, Nurse; MARK ANDREWS, formerly employed by Andrews Ambulance Service n/k/a Life Tech Ambulance Service; TOM ANDERSON, formerly employed by Andrews Ambulance Service n/k/a Life Tech Ambulance Service; ROBERT BLISS, GERALD D. REILLY, Neurosurgeon, individually and in their private capacities; ST. THOMAS

No. 95-1269
(D.C. No. 93-K-1113)
(D. Colo.)

MORE HOSPITAL, John Does 1 through 4; LIFE TECH AMBULANCE CO.,

Defendants-Appellees.

---

ORDER AND JUDGMENT[*]

---

Before EBEL, BARRETT, and HENRY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Kenneth John Barry filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against numerous prison officials and medical care providers, alleging damages due to defendants' deliberate indifference to his serious medical needs. Plaintiff claims that a delay in medical treatment, following his assault by another inmate at the Four-Mile Correctional Facility, resulted in permanent injury.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On appeal, plaintiff asserts that (1) the Colorado Department of Corrections' medical facilities and medical transportation afforded him following his injuries were so inadequate as to amount to a violation of his constitutional rights, and (2) his failure to receive follow-up care by Dr. Reilly after his surgery amounted to deliberate indifference to his serious medical needs.

As a preliminary matter, we address our jurisdiction over the parties and claims in this case. An appeal is impermissible unless there has been a final adjudication of all claims as to all parties in the case. See generally, 28 U.S.C. § 1291. This court recognizes that a notice of appeal which is premature at filing because all claims have not been adjudicated will ripen when the remaining claims have been effectively adjudicated, providing the appeal has not been otherwise disposed of by that time. Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988).

On April 26, 1995, the district court adopted the recommendation of the magistrate judge granting summary judgment to the state defendants, Dr. Bliss, Life Tech Ambulance, Mr. Anderson, and Mr. Andrews, dismissing the claims against St. Thomas More Hospital under Fed. R. Civ. P. 12(b)(6) for failure to state a redressable claim, denying the state defendants' motion to dismiss as moot, and referring the matter to the magistrate judge for consideration of plaintiff's claims against Dr. Reilly. At the time plaintiff filed his notice of appeal, June 23, 1995, the claims against Dr. Reilly remained unadjudicated. The notice of appeal therefore, was premature and ineffective. On July 19, 1995, however, the district

3

court entered an order of dismissal, granting Dr. Reilly's motion for summary judgment. Consequently, we deem plaintiff's premature notice of appeal to have ripened on July 19, 1995. See Lewis, 850 F.2d at 645.

The June 23, 1995 notice of appeal filed in this case specified only the district court's April 26, 1995 order. Although the subsequent order ripened the notice of appeal, the notice only confers jurisdiction over those orders in existence at the time it was filed. See Nolan v. United States Dep't of Justice, 973 F.2d 843, 846-47 (10th Cir. 1992). Plaintiff failed to file an additional notice of appeal subsequent to the district court's July 19, 1995 order dismissing the claims against Dr. Reilly. Accordingly, we only have jurisdiction to consider plaintiff's challenges to the April 26, 1995 order.

We review a grant of summary judgment de novo, applying the same standard as the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991). We review the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

We review the sufficiency of a complaint de novo, upholding a dismissal under Fed. R. Civ. P. 12(b)(6) only when it is shown that the plaintiff failed to plead facts which, if proved, would entitle him to relief. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th

4

Cir. 1995). As a pro se litigant, we construe plaintiff's complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

We have carefully reviewed the record in this case and determine that the district court's disposition was proper. Because the magistrate judge's recommendation is thorough and well-supported, we cannot add significantly to the analysis. Therefore, we AFFIRM the district court's grant of summary judgment to the state defendants, Dr. Bliss, Life Tech Ambulance, Mr. Anderson, and Mr. Andrews, and its dismissal of plaintiff's claims against St. Thomas More Hospital for failure to state a claim upon which relief can be granted, for substantially the reasons set forth in the Recommendation of United States Magistrate Judge issued April 12, 1995, and adopted by the district court on April 26, 1995.

The mandate shall issue forthwith.

Entered for the Court

James E. Barrett
Senior Circuit Judge