**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JASON AARON SIMMONS,

      Plaintiff-Appellant,

v.

J. CHACON; P. ASTON; CITY OF
DENVER,

      Defendants-Appellees.

No. 96-1267
(D.C. No. 95-B-2392)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

      [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Jason Aaron Simmons, a prisoner, initiated this civil rights action pro se under 42 U.S.C. § 1983, against the City and County of Denver (the City) and Mr. J. Chacon and Mr. P. Ashton, two individual police officers employed by the City.

On April 9, 1996, the magistrate judge recommended the City's motion to dismiss for failure to state a claim be granted. The magistrate judge recognized a municipality may not be held liable under § 1983 unless there is a showing of a practice or procedure that systematically denies constitutional rights. After reviewing Mr. Simmons' complaint, the magistrate found "[n]o such allegations exist in this case, no matter how broadly the complaint is construed."

On April 24, 1996, the district court granted the City's motion to dismiss based on the magistrate judge's reasoning and recommendation. On June 5, 1996, Mr. Simmons filed a notice of appeal purporting to appeal the district court's Order of April 24, 1996.

On February 7, 1997, the district court granted the remaining individual defendants' (Mr. Chacon and Mr. Ashton) motion for summary judgment. Pursuant to the district court's order, final judgment was entered dismissing Mr.

Simmons' action with prejudice.

As a preliminary matter, we must determine if we have jurisdiction to consider this appeal. Appellees, the City and the individual defendants, contend we lack jurisdiction to consider this appeal in its entirety because Mr. Simmons' notice of appeal was untimely. In the alternative, Appellees assert that even if jurisdiction is proper regarding the April 24, 1996 dismissal of the City, we lack jurisdiction to consider the district court's February 7, 1997 Order granting summary judgment in favor of the individual defendants.

In this action, the district court entered two separate orders on two separate occasions against two separate defendants. On April 24, 1996, the district court dismissed the claims against the City. Mr. Simmons duly filed a notice of appeal. However, because the claims against the individual defendants, Mr. Chacon and Mr. Ashton, still remained unadjudicated in the district court, the district court's April 24, 1996, Order was not yet final and appealable. Hence, Mr. Simmons' notice of appeal was premature.[1] *See Nolan v. United States Dep't of Justice*, 973

_____

[1] Appellees' argument that Mr. Simmons' notice of appeal was untimely because it was filed forty-two days after the April 24, 1996 Order is wholly without merit. A premature filing, which by definition is filed too early, cannot logically be late.

F.2d 843, 845-46 (10th Cir. 1992) (notice of appeal premature when filed before all claims against all defendants had been adjudicated). A notice of appeal, which is premature at filing because all claims have not been adjudicated, ripens upon disposition of the remaining claims. *Id.* at 846; *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988). However, the filing of a final order merely serves to perfect a premature appeal and does not automatically effectuate the appeal of every judgment or order rendered in the case. *Nolan*, 973 F.3d at 846. Thus, the filing of the district court's final order on February 7, 1997 perfected Mr. Simmons' premature appeal of the April 24, 1996 Order, but it did not effectuate an appeal of the February 7, 1997 Order. *See id.* As such, we lack jurisdiction to consider Mr. Simmons' challenges to the district court's order granting summary judgment in favor of the individual defendants, but retain jurisdiction to consider the merits of Mr. Simmons' challenges to the district court's dismissal of the City.

On appeal, we review the grant of a motion to dismiss for failure to state a claim *de novo*. *Kidd v. Taos Ski Valley, Inc.*, 88 F.3d 848, 854 (10th Cir. 1996). In so doing, we accept all well-pleaded allegations as true and uphold a dismissal only if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir. 1995).

After consideration of Mr. Simmons' arguments and review of the record, we agree with the district court that Mr. Simmons failed to allege sufficient facts to state a § 1983 claim against the City. In his complaint and on appeal, Mr. Simmons merely recites the events of his arrest from his perspective. He does not allege or mention a policy or custom of the City, which caused his injuries. Without such allegations, even in the barest form, Mr. Simmons fails to state a claim against the City upon which relief may be granted. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (municipality may only be held liable under § 1983 where its policies are the "moving force" behind the injury). As such, we conclude Mr. Simmons' appeal is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and we dismiss this appeal. Because this appeal is dismissed as frivolous pursuant to § 1915(e)(2)(B)(i), this appeal counts as a "prior occasion" under 28 U.S.C. § 1915(g).

In addition, Mr. Simmons' motion to proceed without prepayment of costs and motion to recall the mandate are **DENIED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge