**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

THE SHARPER EDGE, INC., a
Colorado corporation,

       Plaintiff-Appellant,

and

GARY COGSWELL,

       Plaintiff,

v.

CONTINENTAL INSURANCE
COMPANY,

       Defendant-Appellee,

and

HORIZON AGENCY, INC.,

       Defendant.

No. 98-1143
(D.C. No. 96-B-1216)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this diversity action, the Sharper Edge, Inc., appeals the district court's summary judgment dismissal of its breach of insurance contract claim against defendant, Continental Insurance Co. "We review the grant of summary judgment de novo, and apply the same legal standard used by the district court under [Fed. R. Civ. P.] 56(c)." *Richmond v. ONEOK, Inc.* , 120 F.3d 205, 208 (10th Cir. 1997). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id*. (quoting Rule 56(c)). We construe the factual record and the inferences reasonably drawn from the facts in the light most favorable to the party opposing summary judgment. *See id* . We have jurisdiction under 28 U.S.C. § 1291 and we affirm. [1]

---

[1] This court originally noted that the appealed judgment was not final because claims against Horizon Agency, Inc. remained unadjudicated. The appeal
(continued...)

Sharper Edge owned a business and leased space in a building known as 2000 Ski Time Square. It purchased general commercial liability insurance from Continental. The policy covered buildings and "Business Personal Property located in or on buildings at premises described in the Declarations. . . ." Appellant's Appendix at 13. The declarations page lists the covered buildings and premises as "2000 Ski Time Square, Steamboat Springs, CO." *See id.* at 10. The coverage for business personal property loss was limited to $25,000.

The policy also included a provision entitled "Newly Acquired or Constructed Property," which stated the policy would cover the loss of business personal property "at any location[ y]ou acquire." *Id*. at 22. The policy limit on inventory losses at newly acquired locations was $500,000.

Sharper Edge leased some additional space in 2000 Ski Time Square and stored $100,000 in inventory in this space. Sharper Edge refers to its original lease space at 2000 Ski Time Square as "Unit A" and its newly leased space as "Unit B." Shortly after Sharper Edge leased Unit B, a fire damaged much of the inventory and building at 2000 Ski Time Square. Continental covered the loss,

---

[1](...continued)
ripened after the district court entered a certification order under Fed. R. Civ. P. 54(b), and this court now has jurisdiction to hear this appeal. *See Lewis v. B.F. Goodrich Co.* , 850 F.2d 641, 645-46 (10th Cir. 1988).

paying the policy limit of $25,000 for all of the inventory stored at Unit A and Unit B at 2000 Ski Time Square. Because Unit B was newly leased, Sharper Edge argued it was newly acquired property and that the inventory stored there should have been covered up to the $500,000 limit for newly acquired property. Continental disagreed, contending that Unit B was still located at 2000 Ski Time Square, and was not newly acquired property because it was within the policy's definition of the covered premises.

Sharper Edge brought both a bad faith insurance tort claim and a breach of contract claim. The district court initially denied Sharper's Edge's motion for summary judgment on its breach of contract claim, concluding that "the parties' failure to specify the meaning of crucial terms in this insurance contract results in an ambiguity subject to clarification through [extrinsic] evidence . . . ." *Id*. at 71. Sharper Edge then converted its claim to a pure breach of contract claim. The district court ordered supplemental summary judgment briefing and ultimately granted summary judgment in favor of Continental on the breach of contract claim. The district court stated that when it initially denied Sharper Edge's motion for summary judgment, the record had not contained the relevant pages of the insurance contract and that the parties had not adequately briefed all of the issues on the breach of contract claim. *See id*. at 117-18.

-4-

The district court held that the insurance contract unambiguously defined the covered premises as 2000 Ski Time Square and, thus, the coverage for all losses at this location, including the inventory stored at Unit B, was limited to $25,000. The district court concluded the insurance contract extended additional coverage only to newly acquired locations, meaning some location other than 2000 Ski Time Square, and not to additional space leased within this building.

On appeal, Sharper Edge contends the district court erred in reversing itself, initially finding the insurance policy language ambiguous, and then deciding that very same language was not ambiguous. We find no error in the district court's reconsideration of its initial ruling in light of a more complete record. The grant of summary judgment is not improper merely because an earlier motion for summary judgment, which raised the same issues, had been denied. *See Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir. 1979) (holding that second motion for summary judgment is permissible after previous motion dismissed if supported by new material, stating that "[u]ntil final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order.").

Sharper Edge also asserts the district court erred in finding the contract unambiguous, arguing it applied a strained interpretation of the insurance policy

language.  It asserts the policy is ambiguous and, under Colorado law, ambiguous insurance policy language is to be construed in favor of coverage.

We have carefully reviewed the parties' pleadings and briefs, the record on appeal, and the district court's decision, and considered them in light of the applicable law.  Reading the insurance contract in its entirety and giving effect to all of its provisions, we agree with the district court's conclusion that the policy is plain and unambiguous and that, under its terms, any property located at 2000 Ski Time Square, including Unit B, is not at a newly acquired location.  The district court issued a thorough and well-reasoned order granting summary judgment to Continental and we cannot better articulate the facts, applicable law, or reasoning for granting the summary judgment.  We thereby AFFIRM the district court's March 16, 1998 order for substantially the same reasons stated therein and attach a copy hereto.

Entered for the Court

Wade Brorby
Circuit Judge

Attachment not available electronically.