**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY DON VANCE,

Defendant-Appellant.

and

SHASTA SPRADLIN, CADDO
COUNTY TREASURER; VANCE
IRREVOKABLE FAMILY TRUST
"A"; SANDRA VANCE; SHANNON
JOY BRADDOCK; VANDA LYNETE
VANCE LONG; DON KEVIN
VANCE; AIMEE ELLEN VANCE;
SARAH ELIZABETH VANCE,

Defendants.

No. 99-6291

W.D. Okla.

(D.C. No. 97-CV-1819-C)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the

(continued...)

The United States brought this suit to reduce to judgment assessments against Bobby Don Vance, a tax protester, for income taxes, penalties, and interest from tax years 1976 through 1989 and to foreclose its liens upon certain real property held by the Vance Irrevokable Family Trust "A", in partial payment of those liabilities. The government also named as defendants Mr. Vance's spouse, Sandra Vance, and children. Mr. Vance filed a Motion to Quash the complaint, and the government sought default judgment against Mr. Vance, his wife, and the county in which the property is located (Caddo County, Oklahoma). The district court denied Mr. Vance's Motion to Quash, and granted default judgment against the trust and Mr. Vance's children. The district court granted summary judgment against Mr. Vance, because he failed to respond to the motion, which was supported by undisputed facts. The district court also granted summary judgment against Ms. Vance.

Noting factual issues regarding the distribution of proceeds from a foreclosure sale, the district court denied the motion for summary judgment against the county. However, the government and county settled their differences,

**(...continued)
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

and on August 18, 1999, the district court entered its final judgment in which it (1) reduced to judgment the IRS's tax assessments against Mr. Vance; (2) declared Mr. Vance's transfer of the property to the trust to be a fraudulent conveyance; (3) declared the trust to be Mr. Vance's alter ego or nominee, making him the true beneficial owner of the property; (4) determined that the tax liens against Mr. Vance could be foreclosed with the proceeds distributed in accordance with the agreement between the government and the county; and (5) determined that neither Ms. Vance nor the trust had any compensable interest in the property.

Mr. Vance appeals, although his children, the trust, and Ms. Vance do not. Because Mr. Vance proceeds pro se, we construe his complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, we interpret his complaint to appeal the grant of summary judgment, the final judgment, and the denial of his motion to quash, which the district court interpreted to be a motion to dismiss.

We exercise jurisdiction in accordance with 28 U.S.C. § 1291 and affirm. We note that the notice of appeal was filed on July 27, 1999. This filing occurred before the district court entered its final judgment, because the dispute between the government and county remained. However, after the government and county reached settlement and the district court entered final judgment, Mr. Vance's

notice of appeal ripened, giving this court jurisdiction over the appeal. See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988); Morris v. Uhl & Lopez Eng'rs, 442 F.2d 1247, 1250-51 (10th Cir. 1971).

We review a grant of summary judgment de novo. See Aramburu v. Boeing Co., 112 F.3d 1398, 1402 (10th Cir. 1997). We view the evidence in the light most favorable to the nonmoving party. See id.

We have thoroughly reviewed Mr. Vance's appeal, the record, and the district court's orders. It is clear that the district court carefully considered Mr. Vance's arguments, including his meritless tax-protest claims.[1] The district court properly denied his motion to quash and properly granted summary judgment and final judgment. Accordingly, we AFFIRM the district court's orders. Mr. Vance's motion to proceed in forma pauperis is denied.

Entered for the Court,

Robert H. Henry
Circuit Judge

---

[1] Like our sister circuit, "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see also Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).