# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.                                                          Elisabeth A. Shumaker
    Clerk                                                                              Chief Deputy Clerk

June 13, 2000


**TO:**   ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:**   99-6215, 99-6247 & 99-6367,
     *National Fire Ins. Co. v. Yellow Cab of Oklahoma, et al.*
     Filed on June 9, 2000

     The order and judgment filed in these matters contains a clerical error on page 6, in the 12th line down from the top. The word "covered" is corrected to read "completed."

     A corrected copy of the order and judgment is attached.
                     Sincerely,
                     Patrick Fisher, Clerk of Court


                     By:   Keith Nelson
                          Deputy Clerk


encl.

F I L E D
United States Court of Appeals
Tenth Circuit

JUN 9 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD,

Plaintiff-Appellant,

v.

YELLOW CAB OF OKLAHOMA,
INC.; LINDELL TALLEY,

Defendants,

and

BOB LAWRENCE,

Defendant-Appellee.

Nos. 99-6215, 99-6247, & 99-6367
(D.C. No. 97-CV-1639-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  These cases are therefore ordered submitted without oral argument.

In appeal No. 99-6215, National Fire Insurance Company of Hartford (National) appeals from summary judgment granted April 28, 1999 in favor of Bob Lawrence.  The issue in that appeal is whether an insurance policy National issued to Yellow Cab of Oklahoma, Inc. (Yellow Cab) provides coverage for injuries Mr. Lawrence suffered in an accident with a taxicab owned by Yellow Cab and driven by Lindell Talley.  In appeal No. 99-6247, Mr. Lawrence cross-appeals from an order in the same judgment limiting his recovery to $100,000.  He also appeals from an order dated June 8, 1999 denying his motion to amend that judgment, and from a second order dated June 8, 1999 denying his motion for attorney fees made pursuant to 28 U.S.C. § 2202.  In appeal No. 99-6367, Mr. Lawrence again appeals from the same orders and judgments referenced in No. 99-6247 (in the event that this court determined it had no jurisdiction over Nos. 99-6215 and 99-6247) and also appeals from an August 26, 1999 order that adjudicated all remaining claims among all parties to the original cause of action. [2]  We consolidate these appeals, and with jurisdiction arising

---

[2]      When the appeal in No. 99-6215 was filed, we issued a show cause order directing counsel to secure from the district court either a Fed. R. Civ. P. 54(b) certification order or an order explicitly adjudicating the remaining claims. *See Lewis v. B.F. Goodrich Co.* , 850 F.2d 641, 645-46 (10th Cir. 1988).  The

(continued...)

under 28 U.S.C. § 1291, we reverse and remand for entry of judgment in favor of National.

The relevant facts are undisputed, thus we review de novo the district court's interpretation of the insurance policy, as well as its other legal conclusions made on summary judgment. *See MGA Ins. Co. v. Fisher-Roundtree*, 159 F.3d 1293, 1294 (10th Cir. 1998).

In 1997, Mr. Lawrence was seriously injured at Will Rogers Airport (Airport) in Oklahoma City, Oklahoma, when Mr. Talley accidently pinned him between the cab he was driving and the cab Mr. Lawrence had been driving. Mr. Lawrence obtained a judgment of over one million dollars against Yellow Cab and Mr. Talley in state court. Mr. Lawrence did not sue the Airport.

Yellow Cab was self-insured for automobile liability purposes, posting a property bond in the amount of $60,000 as required by the Oklahoma Financial Responsibility laws. In order to park taxicabs at the Airport and wait for potential customers (as opposed to dropping off or picking up customers without parking and waiting), the Airport required Yellow Cab to execute a Ground Services Agreement (Agreement) created pursuant to regulations promulgated by the Oklahoma City Airport Trust Authority (Trust). Under the Agreement,

---

[2](...continued)
district court entered an order on August 26, 1999 disposing of all claims, and the notice of appeal and our jurisdiction thus ripened on that date.

Yellow Cab was required to obtain "General Public Liability Insurance" for "taxicab services" that expressly included Oklahoma City and the Trust as insureds in the amount of at least $1,000,000 for each occurrence or accident and "with a limit of $100,000 to any claimant for his claim for any other loss arising out of a single accident or occurrence."[3] Appellant's App. at 293 & n.2 (April 28, 1999 Order). Pursuant to this requirement, Yellow Cab purchased a commercial general liability policy from National expressly naming itself, the Trust, and the Central Oklahoma Transportation Parking Authority as insureds. *See id.* at 139. The policy provided for coverage for bodily injury and property damage liability for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id.* at 140.

The National policy contained many exclusions. The one at issue in this case expressly excluded coverage for:

> g. Aircraft, Auto or Watercraft
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

---

[3] As noted by the district court, these requirements mirrored the limits of liability of political subdivisions of the state of Oklahoma under the Oklahoma Governmental Tort Claims Act. *See* Appellant's App. at 294 n.3; Okla. Stat. tit. 51, § 154(A).

*Id.* at 170.  The policy defined "auto" as "a land motor vehicle . . . designed for travel on public roads . . . not includ[ing] 'mobile equipment.'"  *Id.* at 171.  Mr. Lawrence conceded that the policy did not provide for automobile liability insurance coverage and that Yellow Cab did not pay a premium for such coverage in this policy.  *See id.*

Mr. Lawrence asserted, and the district court agreed, that, despite the express exclusion for automobile accidents, coverage for Mr. Lawrence's injuries had to be written into the National policy as a matter of law under the principles set forth in *MGA Insurance Co. v. Fisher-Roundtree*, 159 F.3d 1293 (10th Cir. 1998).  *See* Appellant's App. at 294.  The district court also held that the amount of coverage to be read into the policy should be the minimum coverage of $100,000 required by the Agreement rather than the $1,000,000 coverage provided for covered injuries under the terms of the policy.  *See id.* at 383.  The district court denied Mr. Lawrence's motion for attorney's fees under 28 U.S.C. § 2202 as the prevailing party, *see id.* at 385, and then issued its final order holding that Yellow Cab and Mr. Talley were "subject to the same determination made by the Court as to [National and Mr. Lawrence]," *id.* at 388.

In *MGA Insurance Co.* this court was presented with a very different factual situation.  There, for the protection and benefit of those exposed to liquified petroleum (LP) gas, the Oklahoma LP Gas Act and its corresponding

insurance regulations promulgated by the LP Gas Board required vendors of LP gas to maintain various insurance coverages, specifically including coverage for completed operations. 159 F.3d at 1295-96. MGA, the insurer, issued two certificates of commercial general liability insurance to the LP Gas Administrator for the defendant LP vendor's business in response to that requirement, *see id.* at 1296, but the policy expressly excluded coverage for completed operations, *see id.* at 1295. After the plaintiff was injured in an LP gas explosion involving the defendant vendor, MGA denied any responsibility to defend the vendor or to provide coverage, relying on the completed operations exclusion. *See id.* Recognizing that Oklahoma imputes statutorily-required insurance provisions into compulsory policies required for the benefit of the public, *see id.* at 1296, we extended that doctrine to include specific insurance requirements promulgated by an administrative body expressly charged with implementing a permit statute generally mandating insurance coverage, *id.* at 1297-98. Therefore, we held that "coverage for completed operations must be written into the policy as a matter of law." *Id.* at 1298.

In the case before us, in contrast, the Trust was created pursuant to an Oklahoma statute that authorizes municipalities to establish and regulate airports, *see* Okla. Stat. tit. 3, § 65.2, and another that authorizes the establishment of public trusts to carry out any authorized and proper public function, *see*

-6-

Okla. Stat. tit. 60, § 176. Neither statute involves any permit requirements or delegates to the Trust the regulation of taxicab or motor vehicle operations on Airport property in the same manner in which the state LP Gas Board was entrusted with regulation of the LP gas retailing business through the permit scheme specified in the LP Gas Act. Mr. Lawrence has not cited, and we have not found, any Oklahoma statute that mandates that airports protect the public from harm arising from accidents involving taxicabs by requiring general liability insurance that includes automobile liability insurance in excess of any amount already required by the state motor vehicle liability insurance laws. Thus, the insurance requirements imposed by the Trust through the Agreement were not created in response to a statute or regulations imposed by its correlative administrative body, and the doctrine of imputing statutory compulsory insurance requirements into an insurance contract does not apply. We decline Mr. Lawrence's invitation to extend the statutory imputation rule to insurance requirements not mandated by either the Oklahoma legislature or an administrative body specifically delegated to regulate a particular business.

Finally, it seems clear that a goal of the insurance requirement in the Agreement was to indemnify and protect the Airport and the City against any potential liability that may arise from inviting taxicab companies to use the city facilities to obtain business. This would include unsafe premise conditions in the

licensed taxicab loading or holding areas that could give rise to a lawsuit against the Airport.  Therefore, Mr. Lawrence's argument that automobile liability coverage should be read into the policy because otherwise, the insurance policy is worthless, is unavailing.

We conclude that neither the regulations nor the public policies that compelled this court to conclude that coverage should be written into the contract in *MGA Insurance Co.* are present in this case.  The express terms of the insurance contract therefore control National's obligations under the policy, and the parties agree that the automobile exclusion otherwise precludes Mr. Lawrence's recovery from National.  Our holding moots the issues presented in appeals Nos. 99-6247 and 99-6367.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and the case is REMANDED for entry of judgment in favor of National.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge