FILED
United States Court of Appeals
Tenth Circuit

September 14, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DIRECTV, INC.,

Plaintiff - Appellee,

v.

WILLIAM TURNER,

Defendant - Appellant.

No. 06-3434

(D. Kansas)

(D.C. No. 03-CV-2287-CM)

**ORDER AND JUDGMENT***

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

In May 2003 DIRECTV, Inc. filed a complaint in the United States District

Court for the District of Kansas against William Turner and other defendants,

seeking damages and injunctive relief under several federal statutes, including the

Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521 *et seq*, and the

Electronic Communications Policy Act of 1986, 18 U.S.C. § 2510 *et seq*.  The

_____

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint alleged that Mr. Turner had illegally used and distributed devices designed to intercept and decrypt DIRECTV's satellite signal, permitting free viewing of DIRECTV's television programming. After a bench trial the district court found that Mr. Turner had accessed DIRECTV's programming in violation of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511, but that he had not distributed devices in violation of 47 U.S.C. § 605(e)(4). It awarded damages of $10,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and injunctive relief under § 605(e)(3)(B)(i). The court entered judgment against Mr. Turner on July 19, 2006.

Mr. Turner filed a notice of appeal on December 22, 2006, but because unresolved claims remained against at least one other defendant, there was no final judgment until the court granted Rule 54(b) certification on June 18, 2007. *See D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1444 (10th Cir. 1984) ("Jurisdiction to consider an appeal is not discretionary but is circumscribed by 28 U.S.C. § 1291, which has consistently been held to require the termination of all matters *as to all parties and causes of action* before an appeal may be taken." (emphasis added)). We now have jurisdiction under 28 U.S.C. § 1291. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988). Finding no merit to Mr. Turner's arguments, we affirm.

Mr. Turner raises six issues on appeal. First, he argues that the district court should not have denied his motion for sanctions in response to a motion

filed by DIRECTV. But he never filed a motion for sanctions before the district court, so there is nothing for him to appeal on this issue.[1]

Second, Mr. Turner argues that his motion for summary judgment should have been granted because (1) there was no "actual evidence" that he intercepted DIRECTV's signal, Aplt. Br. at 1; and (2) he lacked the "requisite [k]nowledge and materials" for such interception, *id.* But "the denial of summary judgment based on factual disputes is not properly reviewable on an appeal from a final judgment entered after trial." *Haberman v. Hartford Ins. Group*, 443 F.3d 1257, 1264 (10th Cir. 2006). If Mr. Turner means instead to argue that the evidence at trial was insufficient to sustain the judgment against him, we cannot address this issue because he has not included a trial transcript in the record on appeal. *See Sanjuan v. IBP, Inc.*, 275 F.3d 1290, 1298 n.3 (10th Cir. 2002) ("'When sufficiency of the evidence is raised, the entire relevant trial transcript must be provided.' 10th Cir. R. 10.1(A)(1)(a).").

Third, Mr. Turner argues that the district court should have granted his motions for dismissal and judgment on the evidence because DIRECTV is a system for "aeronautical communications," and it is not unlawful to intercept signals from such systems. Aplt. Br. at 12 (internal quotation marks omitted). But he cites no motions in which he raised this issue below, and we can find

_____

[1]This and several other issues Mr. Turner raises are inapposite to his case, having apparently been drawn from a brief filed by another defendant against DIRECTV in a separate trial.

none.  (The only motion to dismiss that he filed does not raise this issue.)

Accordingly, the issue is forfeited.  *See Parker v. Scott*, 394 F.3d 1302, 1309 n.1

(10th Cir. 2005).

Fourth, Mr. Turner contends that he cannot be liable under 47 U.S.C.

§ 605(e)(3)(A), which provides a private right of action to a "person aggrieved."

He makes two arguments:  One argument is that DIRECTV was not a "person

aggrieved," within the statutory definition of that term in § 605(d)(6).  But

Mr. Turner does not cite any portion of the record where he raised this issue

below, and we have found none.  Accordingly, we need not address this argument.

*See Parker*, 394 F.3d at 1309 n.1.  Mr. Turner's other argument is that he was not

a member of the class civilly liable for violations of § 605.  But on appeal and

below he has raised this argument only with respect to violations of § 605(e)(4).

Mr. Turner, however, was held liable only for violations of § 605(a) (interception

and use); the district court ruled that he had not violated § 605(e)(4)

(distribution).  This argument therefore is moot.

Fifth, Mr. Turner contends that the district court erred in excluding

evidence of his financial hardship before assessing damages.  Again, however, he

does not cite, and we cannot find, any indication in the record that he ever sought

to introduce such evidence.  He also argues that the court misconstrued 18 U.S.C.

§ 2520 by treating damages under that section as mandatory when they are in fact

discretionary.  But the court explicitly stated that § 2520 "provid[es] for

*discretionary* statutory damages of $100 a day or $10,000 per violation."

R. Doc. 453 (Mem. & Order, July 13, 2006) (emphasis added).

Sixth, Mr. Turner asserts that the evidence failed to establish that he was not authorized to intercept DIRECTV's signal. In the absence of a trial transcript, however, we cannot review this assertion. *See Sanjuan*, 275 F.3d at 1298.

To the extent that Mr. Turner's reply brief raises issues not addressed in his opening brief, we decline to consider them. *See Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed abandoned or waived.").

Accordingly we AFFIRM the district court's judgment. We also DENY as moot Mr. Turner's "Motion to Dismiss Appellee['s] Motion to Dismiss Appeal for Lack of Jurisdiction," and we DISMISS his May 14, 2007, motion under Fed. R. Civ. P. 60(b) for want of jurisdiction.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge