**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHAWNEE LODGING, LLC,

        Plaintiff-Counter-
        Defendant-Appellant,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, subscribing to
POLICY NO. LLP601598/BCM4766,

        Defendant-Counter-
        Claimant-Appellee.

No. 08-6121
(D.C. No. 5:07-CV-00962-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

Shawnee Lodging, LLC ("Shawnee") appeals from the district court's

decision granting summary judgment in favor of Certain Underwriters at Lloyd's,

London, subscribing to Policy No. LLP601598/BCM4766 ("Lloyd's" or

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"Defendant"), on Shawnee's claims that Lloyd's breached the insurance contract and acted in bad faith. We affirm.

## I. BACKGROUND

On May 10, 2004, Shawnee submitted a claim under its policy with Lloyd's for hail damage to the roof of Shawnee's property, the Best Western Cinderella Inn.[1] Jane Nicholson was assigned to the claim and made her first inspection of the property on May 19. Shawnee signed a sworn statement in proof of loss on July 8 and was issued a check for $183,849.05. Shawnee signed a second sworn statement in proof of loss on August 31, and another check was issued in the amount of $55,827.84. That same day, Shawnee confirmed with Ms. Nicholson that it had received both checks and indicated that it was going to contact All American Roofing Company to begin repairs to the roof. On September 24, Ms. Nicholson contacted Shawnee to find out if the roof was finished. She discovered that Shawnee had decided not to use All American and, instead, was in the process of securing alternate bids from other roofing contractors.

Shawnee signed a contract with Better Roofing in mid-December 2004 and work began on the roof in January 2005. The roof was reinspected by Ms. Nicholson on March 2 to confirm that a new roof had been installed.

---

[1]    Chandrakant "Jay" Brahmbhatt is the sole owner of Shawnee Lodging LLC, which owned the Best Western Cinderella Inn. For purposes of this order and judgment, we will use "Shawnee" to refer to Mr. Brahmbhatt and the plaintiff limited liability company.

Shawnee then submitted an invoice dated March 10 from Allied Construction in the amount of $343,608.00 for roof repairs. Based on this invoice, an additional payment of $106,287.53 was made to Shawnee. Shawnee also received a payment in the amount of $117,907.99 for loss of business revenue.[2] The total amount paid to Shawnee on its claim was $466,393.46.

In August 2007, Shawnee filed a complaint against Lloyd's. Lloyd's filed a counterclaim. Lloyd's then moved for summary judgment on Shawnee's claims for breach of contract and bad faith. The district court granted summary judgment in favor of Lloyd's on Shawnee's claims. This appeal followed.[3]

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to Shawnee, the nonmoving party. *See Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1167 (10th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure

---

[2]    Shawnee further received a supplemental payment in the amount of $2,521.05 for additional repairs to window glass and one additional skylight.

[3]    After the district court entered its summary-judgment order, the parties filed a stipulated dismissal without prejudice of Defendant's counterclaim. The district court then entered judgment, and Shawnee appealed. Because Defendant's counterclaim was not adjudicated on the merits, this court did not take jurisdiction under 28 U.S.C. §1291. *See Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998). In response to this court's jurisdictional show-cause order, Shawnee moved the district court for certification under Fed. R. Civ. P. 54(b), and it was granted. The notice of appeal ripened on the date of the Rule 54(b) certification, thereby permitting this court to take jurisdiction over the appeal. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988).

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Shawnee argues that the district court erred in granting summary judgment in favor of Lloyd's because there are genuine issues of material fact in dispute. Shawnee argues further that the district court erred by evaluating the credibility of Shawnee's expert, Ron Crain. Based on our review of the briefs, the record, and the applicable legal authority, we conclude that the district court correctly determined that Shawnee failed to create a genuine issue of material fact on its claims for breach of contract and bad faith. We note that the district court did not evaluate the credibility of Mr. Crain but rather concluded correctly that his conclusory deposition testimony was insufficient to raise a genuine issue of material fact. Accordingly, we affirm the district court's decision for substantially the same reasons set forth in its Order dated April 17, 2008.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge

-4-