**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-2594**

---

GARY ALAN GLASS,

       Plaintiff - Appellant,

     v.

ANNE ARUNDEL COUNTY; MARK COLLIER, Individually and in his
official capacity as an Anne Arundel County Police Officer;
JAMES E. TEARE, SR., Individually and in his official
capacity as an Anne Arundel County Chief of Police; UNKNOWN
COUNTY EMPLOYEE X,

       Defendants - Appellees,

     and

JAMES SCOTT DAVIS, Individually and in his official capacity
as an Anne Arundel County Police Department Lieutenant;
CHRISTINE RYDER, Individually and in her official capacity
as an Anne Arundel County Police Department Central Records
Manager; BRENDA FRASER, Individually and in her official
capacity as an Anne Arundel County Police Department Central
Records Deputy Manager; JOHN GILMER, Individually and in his
official capacity as an Anne Arundel County Police
Department Sergeant,

       Defendants.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore. J. Frederick Motz, Senior District
Judge. (1:12-cv-01901-JFM)

---

Submitted: December 16, 2016     Decided: January 18, 2017

---

Before KING, DUNCAN, and FLOYD, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Cary J. Hansel, HANSEL LAW, PC, Baltimore, Maryland, for Appellant. Nancy McCutchan Duden, County Attorney, Jay H. Creech, Senior Assistant County Attorney, Annapolis, Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Alan Glass seeks to appeal the district court's order granting judgment as a matter of law to Mark Collier, one of several defendants in this civil rights action. Before addressing the merits of Glass' appeal, we first must be assured that we have jurisdiction. Porter v. Zook, 803 F.3d 694, 696 (4th Cir. 2015). This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved all claims as to all parties." Porter, 803 F.3d at 696 (internal quotation marks omitted); see Fed. R. Civ. P. 54(b). Generally, "a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S. Ct. 773, 779 (2014) (internal quotation marks omitted).

Here, the district court stayed Glass' claim against Anne Arundel County ("the County") alleged in Count Four of his complaint, and proceeded to discovery and trial on Glass' claim against Collier. After the court granted judgment as a matter of law to Collier, the court's written order entered judgment in

3

favor of Collier, but was silent as to the stayed claim. Although the district court's order closed the case, "even if a district court believes it has disposed of an entire case, we lack appellate jurisdiction where the court in fact has failed to enter judgment on all claims." Porter, 803 F.3d at 696-97; see also Lamp v. Andrus, 657 F.2d 1167, 1169 (10th Cir. 1981), ("Rule 54(b) . . . does not contemplate 'implicit adjudication' of claims."), abrogated on other grounds by, Lewis v. B.F. Goodrich Co., 850 F.2d 641 (10th Cir. 1988). Because the district court's order is silent as to the stayed claim, the order Glass seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. See Porter, 803 F.3d at 699; see also Penn-Am. Ins. Co. v. Mapp, 521 F.3d 290, 295 (4th Cir. 2008) (noting that an order administratively closing a case does not amount to a final, appealable order).

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

4